IN THE DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

| | |
|---|---|
| FLEMON FLOWERS, | 2007 SEP 24 P 3: 15 |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | ) CIVIL ACTION NO. 2:07CV853-mht |
| ROYAL LOGGING, J. H. ROYAL, JR. et al, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the

properly joined defendant Deere & Company ("Deere")[1] hereby gives notice of removal of the

above-captioned action, pending in the Circuit Court of Crenshaw County, Alabama, Civil

Action No. CV 06-115, to the United States District Court for the Middle District of Alabama,

Northern Division, which encompasses this circuit court.  Thus, venue is proper under 28 U.S.C.

§§ 81(a)and 1441(a).  As grounds which entitle it to removal, Deere respectfully states the

following:

---

[1] Plaintiffs also named J.H. Royal, Jr. d/b/a Royal Logging, a sole proprietor, ("employer"), improperly named as Royal Logging and J.H. Royal Jr., as a defendant in this lawsuit.  The employer does not join in this removal, but as explained *infra*, because the employer has been improperly joined, it is not required to join in this removal.  See, e.g., Clay v. Brown & Williamson Tobacco Corp., 77 F. Supp.2d 1220, 1223 n.3 (M.D. Ala. 1999) ("Unless and until the case is remanded, it is not necessary that a fraudulently or improperly joined defendant join with the other defendants in a petition for removal.").

1

**A.    This Notice of Removal is timely filed.**

1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2.    This action was commenced on or about December 21, 2006, by the filing of the summons and the Complaint herein in the Circuit Court of Crenshaw County, Alabama, Civil Action No. CV 06-115.

3.    On or about May 29, 2007, plaintiff amended his complaint to assert, for the first time, a product liability claim against Deere. Plaintiff's Complaint and Amended Complaint failed to include an *ad damnum* clause setting forth the amount of damages sought. As a result, at that time, Deere had received nothing from the plaintiff "unambiguously" establishing federal jurisdiction. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1213-1219 (11th Cir. 2007).

4.    On August 1, 2007, Deere served plaintiff with Requests for Admission seeking admissions as to the amount of damages plaintiff sought against Deere. See Ex. A, Requests for Admission. Plaintiff failed to respond to Deere's Requests for Admission within the required time period. See Ala. R. Civ. P. 36. As a result, Deere's Requests for Admission were deemed admitted on September 5, 2007. See Ala. R. Civ. P. 36. To date, plaintiff has failed to respond to Deere's Requests for Admission.

5.    By failing to respond to Deere's Requests for Admissions, plaintiff admitted that he seeks more than $75,000.00 in damages for the claims asserted against Deere in its Amended Complaint. See Ex. A, Requests for Admission. Deere's Requests for Admission deemed admitted on September 5, 2007, marked the first jurisdiction-communicating document from the plaintiff. See Lowery, 483 F.3d at 1213-1219.

2

6.     The first receipt by Deere of the jurisdiction-communicating document, by service or otherwise, occurred less than thirty days before the filing of this Notice of Removal. Accordingly, pursuant to § 1446(b), this Notice of Removal is timely filed.

**B.     The only proper parties to this lawsuit are of diverse citizenship, therefore, the Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.**

7.     At all times relevant to the Complaint and Amended Complaint and at the time of the filing of the Complaint and Amended Complaint, plaintiff Flemon Flowers was a resident of the State of Alabama.  See Complaint ¶ 1; First Amendment to Complaint, ¶ A.

8.     Deere is now and was at the time of the filing of the Amended Complaint, and at all times intervening, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois.  Accordingly, Deere is not considered a citizen of Alabama for diversity jurisdiction purposes.  28 U.S.C. § 1332(c)(1).

9.     J.H. Royal, Jr., d/b/a Royal Logging ("employer"), a sole proprietor, is now and was at the time of the filing of the Complaint and Amended Complaint and at all times intervening a resident of the State of Alabama.  See Complaint; see also J.H. Royal, Jr. d/b/a Royal Logging's Answer.  Because, however, the employer was improperly or fraudulently joined, its citizenship is disregarded for purposes of removal.  See Section C, *infra*, and Deere's Motion to Sever and Remand Plaintiff's Workers' Compensation Claim, filed contemporaneously herewith.

10.     Pursuant to 28 U.S.C. § 1441(a), the citizenship of the fictitious defendants named in the Complaint must be disregarded for removal purposes.

3

**C.** **Plaintiff's only claim against the employer is for workers' compensation**
**benefits and is due to be severed and remanded to state court, leaving complete**
**diversity.**

11.    Plaintiff's Original Complaint asserted a workers' compensation claim against his

employer pursuant to Alabama's Workers' Compensation Act, Ala. Code § 25-5-1, et seq. See

Complaint, Count One.  Plaintiff's Amended Complaint attempts to join plaintiff's product

liability claim against Deere with his previously-filed workers' compensation claim.  This

product liability claim is brought only against the diverse defendant, Deere.  Plaintiff's

remaining workers' compensation claim is brought only against the non-diverse defendant, the

employer, pursuant to Alabama's Workers' Compensation Statute (Ala. Code § 25-5-1, et seq.).

12.    As more fully set forth in Deere's contemporaneously filed Motion to Sever and

Remand Plaintiff's Workers' Compensation Claim (the arguments in which are incorporated

herein), plaintiff's claim against his employer for workers' compensation benefits should be

severed from his product liability claim against Deere and remanded to state court.  See, e.g.,

Bryant v. Wausau Underwriters Insurance Co., et al., 2007 WL 1159699 (M.D. Ala. April 18,

2007) (severing and remanding to state court plaintiff's workers' compensation claims while

retaining jurisdiction over plaintiff's third party tort claims against diverse defendants).  If

plaintiff's workers' compensation claim is severed and remanded to state court, then the only

remaining claim is against diverse defendant Deere and, assuming the amount in controversy

requirement is satisfied, this Court has jurisdiction over the claim against Deere.

**D.**    **The amount in controversy exceeds the statutory jurisdictional threshold.**

13.    The amount in controversy in this lawsuit exceeds the sum of seventy-five

thousand dollars ($75,000.00), exclusive of interest and costs, thus satisfying the amount in

controversy requirement of 28 U.S.C. § 1332.  See Exh. A.

14.     In failing to respond to Deere's Requests for Admission, plaintiff has admitted that he seeks more than $75,000.00 in damages against Deere.  See Exh. A.

**E.     The other prerequisites for removal are satisfied, and this Court has jurisdiction under 28 U.S.C. § 1332.**

15.     As set forth above, all proper parties to this action are of diverse citizenship, and the amount in controversy exceeds $75,000.00.  Accordingly, pursuant to 28 U.S.C. §1332, 1441 and 1446, this case is removable to this Court.

16.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Circuit Court of Crenshaw County, Alabama.

17.     Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon defendants in this lawsuit are attached as Exhibit B.

18.     The necessary filing fee has been paid with this Notice of Removal.

_____
One of the Attorneys for Deere & Company

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
J. Chandler Bailey (BAI043)
Enrique J. Gimenez (GIM001)
Rachel M. Lary (LAR016)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

5

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of September, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Davis L. Middlemas
1740 Oxmoor Road, Suite 210
Birmingham, Alabama 35209

L. Merrill Shirley
J. Doug Martin, Jr.
Griffin M. Shirley
431 North Court Street
P. O. Box 408
Elba, Alabama 36323

OF COUNSEL

IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                           )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )
                                          )    CIVIL ACTION NO. 06-115
ROYAL LOGGING, J. H. ROYAL, JR. et al,    )
                                          )
        Defendants.                       )
                                          )
                                          )

## DEFENDANT DEERE & CO.'S REQUEST FOR ADMISSIONS TO PLAINTIFF

Defendant Deere & Company ("Deere") propounds the following Requests for Admissions to the plaintiff, to be answered in accordance with Rule 36 of the Alabama Rules of Civil Procedure:

1.    Admit that the plaintiff seeks more than $75,000 (exclusive of interest and costs) in total damages for the counts alleged in his First Amendment to Complaint.

2.    Admit that the amount in controversy for all claims raised in this lawsuit (exclusive of interest and costs) is greater than $75,000.00.

3.    Admit that plaintiff will seek in the future more than $75,000 (exclusive of interest, costs, and attorney's fees) in total damages for any and all claims in this action.

4.    Admit that the plaintiff would accept more than $75,000 (exclusive of interest and costs) in total damages for the counts alleged in his First Amendment to Complaint.



DEFENDANT'S
EXHIBIT

A

PENGAD 800-631-6989

One of the Attorneys for Defendant
Deere & Company

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
J. Chandler Bailey (BAI043)
Enrique J. Gimenez (GIM001)
Rachel M. Lary (LAR016)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this _____ day of _____, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Davis L. Middlemas
1740 Oxmoor Road, Suite 210
Birmingham, Alabama 35209

L. Merrill Shirley
J. Doug Martin, Jr.
Griffin M. Shirley
431 North Court Street
P. O. Box 408
Elba, Alabama 36323

_____
Of Counsel

| State of Alabama<br>Unified Judicial System<br><br>Form ARCIvP-93    Rev. 5/99 | **COVER SHEET**<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>C V ☐ ☐ ☐ ☐ ☐ ☐ . ☐ ☐<br>Date of Filing:          Judge Code:<br>☐ ☐  ☐ ☐  ☐ ☐ ☐ ☐     ☐ ☐ ☐<br>Month  Day    Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ *CRENSHAW* _____, ALABAMA

(Name of County)

*Flemon Flowers*     v.     *Royal Logging; J.H. Royal, Jr.*

Plaintiff              Defendant

**First Plaintiff**   ☐ Business   ☒ Individual     **First Defendant**   ☒ Business   ☐ Individual
           ☐ Government   ☐ Other                  ☐ Government   ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☒ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** *(check one):*   F ☒ INITIAL FILING     A ☐ APPEAL FROM<br>                                      DISTRICT COURT         O ☐ OTHER: _____

                 R ☐ REMANDED         T ☐ TRANSFERRED FROM<br>                                          OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☒ NO     **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☐ MONETARY AWARD REQUESTED     ☒ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   m i d 0 0 7     *12-18-06*                                        
                         Date                                Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**     ☐ YES   ☐ NO   ☒ UNDECIDED

DEFENDANT'S<br>EXHIBIT<br>B<br>PENGAD 800-631-6989

# DAVIS L. MIDDLEMAS
## ATTORNEY-AT-LAW, LLC
### 1740 Oxmoor Road, Suite 210
### Birmingham, AL 35209
### Phone: (205) 380-0737
### Fax: (205) 879-9181

December 18, 2006

Circuit Clerk of Crenshaw County
Courthouse
29 South Glenwood Avenue
Luverne, AL 36049

Re:    Flemon Flowers vs. Royal Logging; J.H. Royal, Jr.
       Workers' Compensation Case

Dear Sir or Madam,

Enclosed is an original and 2 copies of a Summons & Complaint, Order, Interrogatories, and Request for Production for filing with the clerk's office. I have also enclosed the filing fee and an addressed envelope with certified mail postage for service of this complaint and discovery on the defendant Royal Logging; J.H. Royal, Jr. Please return a stamped "filed" copy to me in the enclosed postage paid envelope. I appreciate your assistance in this matter.

With kindest personal regards, I am

Sincerely,

Davis L. Middlemas

Enc.
cc: Dan Goldberg, Esq.

## IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

| | |
|---|---|
| FLEMON FLOWERS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **CIVIL ACTION NO.:** |
| | ) |
| ROYAL LOGGING; J. H. ROYAL, JR.; | ) |
| AND THOSE OTHER PERSONS, | ) |
| CORPORATIONS, AND OTHER | ) |
| LEGAL ENTITIES DESIGNATED | ) |
| HEREIN AS FICTITIOUS PARTIES; | ) |

### SUMMONS

This service by Certified Mail of this Summons and Complaint is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure upon the following Defendant:

> J.H. Royal, Jr.
> 6034 Ramer-Grady Road
> Grady, AL 36036

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint, to **Davis L. Middlemas, 1740 Oxmoor Road, Suite 210, Birmingham, Alabama 35209.** THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

_____          _____
DATE                                            CLERK OF COURT

IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

| | |
|---|---|
| FLEMON FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     CIVIL ACTION NO.: *CV-06-115* |
| | ) |
| ROYAL LOGGING; J. H. ROYAL, JR.; | ) |
| AND THOSE OTHER PERSONS, | ) |
| CORPORATIONS, AND OTHER | ) |
| LEGAL ENTITIES DESIGNATED | ) |
| HEREIN AS FICTITIOUS PARTIES; | ) |

**No. 1,** whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity doing business as Royal Logging;

**No. 2,** whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity known as J. H. Royal, Jr.;

**No. 3,** whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for supervising Flemon Flowers on the occasion of the incident made the basis of this lawsuit;

**No. 4,** whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for providing any insurance coverage, of whatever kind or character, to any of the named or fictitious Defendants herein;

**No. 5,** whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity, other than those entities described herein, which is the successor in interest of any of the named or fictitious Defendants herein;

**No. 6,** whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity, other than those entities described herein, which is the predecessor entity of any of the named or fictitious Defendants herein;

**No. 7,** whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity whose wrongful conduct contributed to cause the incident made the basis of this lawsuit;

**No. 8,** whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for the injuries and damages suffered by the Plaintiff on the occasion of the incident made the basis of this lawsuit;

**No. 9,** Whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation, or other legal entity who was the employer of the Plaintiff on the date made the basis of this suit;

Plaintiff avers that the identity of the fictitious party defendants herein is otherwise unknown to plaintiff at this time or, if their names are known to plaintiff at this time, their identity as proper party defendants is not known to plaintiff at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

1

Defendants.

## COMPLAINT

Comes now Flemon Flowers, Plaintiff herein, and claims of the Defendants, Royal

Logging and/or J. H. Royal, Jr. and/or fictitious party defendants 1 through 8, benefits under the

Workers' Compensation Act of Alabama, as amended, and respectfully shows unto the Court as

follows:

1.     That on or about May 26, 2005 the relationship of employer and employee, or

master and servant, existed between Flemon Flowers and Royal Logging and/or J. H. Royal, Jr.,

and such employer-employee relationship existed at all material times referred to herein.

2.     Plaintiff further avers that while so employed and engaged in the business of

Defendant and while acting within the line and scope of her employment with Defendant, he

suffered injuries and damages which were the proximate result of an accident that arose out of,

and during the course of, his employment with Defendant as aforesaid.  Specifically, Flemon

Flowers was injured after the skidder he was operating tipped over.  This accident caused

Plaintiff to suffer severe injures to his spine, neck, shoulders, back, and legs.  The Plaintiff was

permanently and totally injured and disabled and can no longer complete the requirements of his

occupation.

3.     A controversy has arisen as to the benefits to be paid by the Defendant to Flemon

Flowers under the Workers' Compensation Act of Alabama, as amended, and no settlement has

been made between Plaintiff and Defendant for, and on account of, Plaintiff's injuries.

4.     At the time of the aforesaid injury, Flemon Flowers, was performing his duties for

the Defendant and, in performance of said duties, he was caused to suffer multiple injuries and

damages as the result of the accident described above.

2

5.      Plaintiff further avers that the Defendant had immediate legal and actual notice and knowledge of said injuries and claim, that Defendant has refused and declined to pay the Plaintiff benefits due under the Workers' Compensation Act of Alabama, and that this action is brought within two years from the date of the accident complained of, for the purpose of recovering the amounts to which Plaintiff is entitled hereunder, including, but not limited to reasonable medical expenses incurred for the treatment of said injuries and compensation for permanent disability.

6.      Fictitious Defendants 1- 9 above, whose more correct names and identities are unknown to Plaintiff at this time but will be more correctly named when their identities are ascertained, are the respective persons and/or entities who or which fit the descriptions reflected in 1 through 8 above.  Plaintiff re-alleges all of the allegations contained in paragraphs 1 through 5, against each of the Fictitious Defendants.

7.      Plaintiff avers that at the time of the aforesaid injuries, Plaintiff was receiving an average weekly wage of approximately $350.00.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims of the Defendant, including the Fictitious Party Defendants, such benefits as Plaintiff is entitled to receive under the Worker's Compensation Act of Alabama, as amended, and Plaintiff prays that this Court will take jurisdiction of this petition for compensation, that notice be given to defendant of the filing hereof as required by law, and that, upon a final submission, that this Court award to Plaintiff worker's compensation benefits as allowed by law, plus costs of this action.

3

Respectfully Submitted,

*Flemon Flowers*
FLEMON FLOWERS


STATE OF ALABAMA   )
CRENSHAW COUNTY   )

I, a notary public, in and for said State and County, hereby certify that **Flemon Flowers** has signed his name to the foregoing and has acknowledged before me that the information contained herein is true and accurate, to his best information and belief.

This the _13_ day of _December_ 2006.

*Donna R. Swords*
Notary Public
My commission expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Nov 8, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS


Davis L. Middlemas (MID007)
1740 Oxmoor Road, Suite 210
Birmingham, Alabama 35209
T: (205) 380-0737
F: (205) 879-9181


PLAINTIFF'S ADDRESS:
Flemon Flowers
c/o DAVIS L. MIDDLEMAS
1740 Oxmoor Road, Suite 210
Birmingham, Alabama 35209

4

**SERVE DEFENDANT BY CERTIFIED MAIL:**
J.H. Royal, Jr.
6034 Ramer-Grady Road
Grady, AL 36036

THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        CIVIL ACTION NO.: *CV-06-115*
                                   )
ROYAL LOGGING; J. H. ROYAL, JR.;   )
AND THOSE OTHER PERSONS,           )
CORPORATIONS, AND OTHER            )
LEGAL ENTITIES DESIGNATED          )
HEREIN AS FICTITIOUS PARTIES;      )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

COMES NOW the Plaintiff in the above-styled cause, **FLEMON FLOWERS**, by and through the undersigned attorney of record, and requests Defendant produce the following within the time set forth under the Alabama Rules of Civil Procedure:

## DEFINITIONS

1. **"Defendant", "you" or "your"**: As used in this request, the terms "defendant", "you" or "your" refers to **ROYAL LOGGINGS; J.H. ROYAL, JR.,** to said Defendant's attorneys, insurers, accountants, agents and anyone else acting on said Defendant's behalf.

2. **"Document"**: Any typewritten, handwritten or otherwise written or printed or recorded material, as well as all tapes, discs, non-duplicate copies and transcripts thereof, now or at any time in your possession, custody or control; and, without limiting the generality of the foregoing definition, but for the purposes of illustration only, "document" includes notes, correspondence, memoranda, business records, diaries, calendars, address and telephone records, photographs, tape recordings, financial statements and records, promotional materials, examinations and reports of same. IF SAID DOCUMENT IS TWO-SIDED, PRODUCE A COPY OF EACH SIDE.

If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, when and why such disposition was made.

3. **"Person"**: Any individual or any business entity.

4. **"Policy"**: Any rule, procedure, directive, practice or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was recognized by you.

5. **"Identify"**:

(a) As to a person (as heretofore defined): name, business and residence addresses, occupation, job title and dates so employed; and if not an individual, state the type of entity and the address of its principal place of business;

(b) As to a document: they type of document (letter, memo, etc.), the identity of the original author or originator, the date authored or originated, the identity of each person to whom the original or copy thereof was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody or control thereof, and a description of the subject matter contained therein, all with sufficient particularity to request its production under Rule 34, Alabama Rules of Civil Procedure;

(c) As to communication: the date of the communication, the type of communication (telephone meeting, conversation, etc.), the place where the communication took place, the identity of the person(s) who made the communications, the identity of each person who received the communication, and of the each person present when it was made, and the subject matter discussed;

(d) As to a meeting: the date and place of the meeting, the names of those asked or invited to attend, the names of those actually attending and the subject matter discussed.

6. **"Employee"**: Any individual in your service, under a contract of hire with you, express or implied, oral or written, including aliens, legal or otherwise, and also including any minors legally

permitted to work under the laws of the State of Alabama. The term "employee" encompasses any and all persons who did any work of any kind or sort for you, whether part time or full, regardless of where they worked.

---

1. Plaintiff's entire personnel file.

2. Any and all other records, notes, documents, memoranda, etc. relating to Plaintiff and Plaintiff's employment with you, to include any pre and post-employment physicals, all reports of injury, accident and investigative reports, safety violation notices, performance reports, reports from physicians, therapists (physical or otherwise), vocational evaluators, counselors of any sort, and the like relating in any way to Plaintiff's employment with you.

2. Any and all photographs, videotapes, movies, recordings (whether by audio or video) and the like which show, depict, include or involve Plaintiff. This includes statements taken by you or anyone on your behalf.

3. Any and all documentary or demonstrative evidence to be introduce into evidence by you at the trial of this matter.

4. A true and correct copy of the job description in effect for the job(s) being performed by Plaintiff at the time Plaintiff sustained the injuries alleged in the Complaint filed in this matter.

5. The original employee handbook(s), code(s) of conduct, policy and procedure guide(s) or other similar material directing, governing or advising Plaintiff regarding Plaintiff's job or employment with you, together with any and all revisions and supplements, in effect from the time of Plaintiff's hire to the time Plaintiff suffered the injuries as described in the Complaint filed in this matter.

6.  A copy of any and all items, documents or other material upon which you rely in forming your opinion that Plaintiff's injuries were not caused as alleged in the Complaint filed in this matter, if you in fact allege such.

7.  A copy of any and all records, documents or other things received in response to any non-party subpoenas issued by you.  This shall serve as an ongoing request and should be timely supplemented as all such responses are received.

8.  Any and all sets of notes taken or kept by the nurse case manager or other such medical overseer or person involved in Plaintiff's case.

9.  Any and all documents related to Plaintiff's application(s) for disability benefits, if any such applications were made while Plaintiff was an employee of yours.  Please include any and all such paperwork, including, but not limited to, the application itself, any and all responses by the pertinent insurance carrier, copies of all correspondence and the like.

10.  Please identify each person from whom you have obtained a statement or have given a statement to, either written or oral, regarding the allegations set forth in the Complaint filed in this matter, and produce a copy of any such statement(s).

11.  Please identify any and all witnesses to the incident or incidents Plaintiff alleges caused the injuries as set forth in the Complaint filed in this matter.

Respectfully Submitted,

_____
Davis L. Middlemas
Attorney for Plaintiff


_Of Counsel:_

**DAVIS L. MIDDLEMAS**
**ATTORNEY-AT-LAW, LLC.**
1740 Oxmoor Road
Suite 210
Birmingham, Alabama 35209
(205) 380-0737


**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

## IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                    )
                                   )
    Plaintiff,           )
                                   )
v.                                 )     CIVIL ACTION NO.: *CV-06-115*
                                   )
ROYAL LOGGING; J. H. ROYAL, JR.;   )
AND THOSE OTHER PERSONS,           )
CORPORATIONS, AND OTHER            )
LEGAL ENTITIES DESIGNATED          )
HEREIN AS FICTITIOUS PARTIES;      )

### PETITION FOR THE EMPLOYMENT OF ATTORNEY
### UNDER THE WORKMEN'S COMPENSATION LAW OF ALABAMA

TO THE HONORABLE JUDGES OF THE CIRCUIT COURT:

Your Petitioner represents unto Your Honor that he was employed by J.H. Royal, Jr.,

and/or Royal Logging,  that Petitioner received injuries while performing duties as such

employee; that said injuries have resulted in Petitioner's total permanent disability or

permanent partial disability; and that Petitioner's claim for compensation and medical

benefits has not been and cannot be adjusted as provided by the Workmen's Compensation

Act of Alabama.  Therefore, your Petitioner prays that he may be authorized to employ **Davis**

**L. Middlemas, 1740 Oxmoor Road, Suite 210, Birmingham, AL 35209**; under the terms

of said Act for the purpose of proceeding against the employer as authorized by said Act.

Dated this *13* day of *December* 2006

FLEMON FLOWERS

RECEIVED
DEC 2006
ANN W. TATE
CIRCUIT CLERK

1

STATE OF ALABAMA        )
CRENSHAW COUNTY  )

    I, a notary public, in and for said State and County, hereby certify that **Flemon Flowers** has signed his name to the foregoing and has acknowledged before me that the information contained herein is true and accurate, to his best information and belief.

    This the _13_ day of _____2006.

                                                 _Donna R. Suords_

                                 Notary Public            **NOTARY PUBLIC STATE OF ALABAMA AT LARGE**
                                                        **MY COMMISSION EXPIRES: Nov 8, 2010**
                       My commission expires:   **BONDED THRU NOTARY PUBLIC UNDERWRITERS**

## ORDER

    The Petitioner is hereby authorized to employ **Davis L. Middlemas** as counsel to represent him in the causes in question, and compensation of said attorneys will be fixed later under the terms and provisions of the Workmen's Compensation Act of Alabama.

    Done and Ordered this _5th_ day of _January_, 2006.

                                     _Edward M Lewis_

                           CIRCUIT JUDGE

2

IN THE CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                            *
    Plaintiff,

                          *

    VS.                                        *          CASE NO:  CV 2006-115

                          *

ROYAL LOGGING; J. H. ROYAL, JR.,
et al.,                                           *
    Defendants.

### <u>NOTICE OF APPEARANCE OF COUNSEL</u>

    **COME NOW** the undersigned, L. Merrill Shirley, Esq., J. Doug Martin, Jr., Esq.,

and Griffin M. Shirley, Esq., Attorneys at Law, and notice the Court and counsel for the

opposing party, the undersigned are appearing of record as attorneys for Defendants

Royal Logging and J. H. Royal, Jr.

    Notice is hereby given all notices, orders, pleadings, etc., are to be served upon

said counsel as set forth below.

    Done this 5th day of _February_, 2007.

```
R E C E I V E D
     FEB 1 2 2007
        JEANNIE GIBSON
  CRENSHAW COUNTY CIRCUIT CLERK
```

By: _____
        Hon. L. Merrill Shirley, Esq. (SHI008)
        Hon. J. Doug Martin, Jr., Esq. (MAR124)
        Hon. Griffin M. Shirley, Esq. (SHI032)
        Attorneys for Defendants
        431 North Court Street
        Post Office Box 408
        Elba, Alabama 36323
        (334) 897-5775

-1-

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing on:

Hon. Davis L. Middlemas, Esq.
Attorney at Law
1740 Oxmoor Road, Suite 210
Birmingham, Alabama  35209

by placing a copy of same in the United States Mail, postage prepaid and properly addressed, to the address set out above, on this the _____ day of _February_ , 2007.

_____
Of Counsel

-2-

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

J.H. Royal, Jr.
6034 Ramer - Grady Rd.
Grady, AL 36036

CV-06-115

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature

X _____    ☐ Agent
                       ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

GRADY, AL
JAN 29 2007
US 36036

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)

7006 2150 0002 6023 1023

PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952

ELECTRONICALLY FILED
2/9/2007 2:23 PM
CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA
JEANNIE GIBSON, CLERK

## IN THE CIRCUIT COURT OF
## CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                           *
     Plaintiff,
                              *

VS.                                        *        CASE NO:  CV 2006-115
                                 *

ROYAL LOGGING; J. H. ROYAL, JR.,
ET AL.,                                    *
     Defendants.

### ANSWER

_____**COMES NOW** the Defendant, J. H. Royal, Jr. d/b/a Royal Logging, a sole

proprietor, the correct name of the Defendant, by and through the undersigned

attorneys, and in answer to Plaintiff's Complaint, says as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

1.     Defendant denies each and every allegation contained in the Plaintiff's

Complaint wherein Plaintiff is claiming compensation benefits and

demands strict proof thereof.

2.     In further response to the Complaint, Defendant says Defendant is not

guilty of the matters and things alleged therein.

### THIRD DEFENSE

1.     Defendant says in answer to the Complaint, Plaintiff has not failed to

receive temporary total disability compensation benefits for which he is

entitled.

2.    Defendant denies Plaintiff is entitled to the relief prayed for in the

Complaint.

## FOURTH DEFENSE

Pursuant to Section 25-5-56, Code of Alabama, as amended, Defendant,

pursuant to said statute, is not prohibited by waiver or estoppel from denying liability or

obligations unto the Plaintiff for worker's compensation benefits pursuant to said Act.

## FIFTH DEFENSE

Defendant pleads the general issue and says Defendant is not guilty.

## SIXTH DEFENSE

Defendant denies that any illness, loss of employment, disability or medical care,

attention and expenses incurred by the Plaintiff which are unpaid, arose out of, or in the

course of, any on-the-job injury with Defendant or from Plaintiff's employment with the

Defendant.

## SEVENTH DEFENSE

Defendant says any medical expenses incurred and claimed by the Plaintiff

which are unpaid were incurred without the authorization and approval of the

Defendant, and, pursuant to the Worker's Compensation Act, the Defendant is not

liable for said expenses in view of the Plaintiff's failure to first obtain approval, consent

and/or authorization from Defendant for said medical care.  Alternatively, any medical

expense of Plaintiff neither arose out of, nor in the course of, any employment with

Defendant, and/or any relationship with Defendant, subject to the jurisdiction of the

Worker's Compensation Act.

## EIGHTH DEFENSE

Defendant expressly denies Plaintiff has ever suffered any accident and subsequent injury arising out of or from his employment with Defendant.  Defendant denies an obligation to pay benefits other than as paid and being paid in accordance with the Worker's Compensation Act.  All acts of Defendant in refusing any obligation for benefits to Plaintiff pursuant to the Worker's Compensation Act were made with legal justification, good cause, and with good faith.

## NINTH DEFENSE

Defendant reserves the right to amend Defendant's Answer by adding other defenses, as discovery progresses and additional defenses become known to Defendant, or by deleting any defense raised herein.

## TENTH DEFENSE

Defendant answers Plaintiff has been paid approximately $20,759.36 in temporary total disability compensation.  Medical benefits have been paid on Plaintiff's behalf for Plaintiff's alleged injury in the approximate amount of $171,383.04.  Further, pursuant to Code of Alabama, Section 25-5-56, Defendant pleads said payments made are made without admission, prejudice, estoppel, nor are said payments to be considered or deemed a waiver of Defendant's rights or any defenses.

## ELEVENTH DEFENSE

In answer to each paragraph of Plaintiff's Complaint, Defendant says as follows:

1.    Admit.

2.    Defendant admits Plaintiff had an accident at work, but denies the

-3-

allegations alleged and remaining in said Paragraph.

3.    Admit.

4.    Defendant admits Plaintiff had an accident at work, but denies the

allegations alleged and remaining in said Paragraph.

5.    Defendant admits notice of Plaintiff's accident, but denies all other

remaining allegations of the Paragraph.

6.    Denied.

7.    Denied.

Defendant denies Plaintiff is entitled to relief prayed for by Plaintiff.

Respectfully submitted this 9th day of February, 2007.


By:    /s/ L. Merrill Shirley
_____    L. Merrill Shirley, Esq. (SHI008)
J. Doug Martin, Jr., Esq. (MAR 124)
Griffin M. Shirley, Esq. (SHI032)
Attorneys for Defendant
431 North Court Street
Post Office Box 408
Elba, Alabama  36323
(334) 897-5775

-4-

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing on:

Hon. Davis L. Middlemas, Esq.
Attorney at Law
1740 Oxmoor Road, Suite 210
Birmingham, Alabama  35209

by placing a copy of same in the United States Mail, postage prepaid and properly addressed, to the address set out above, on this the 9th day of February, 2007.

_____/s/ L. Merrill Shirley_____
Of Counsel

IN THE CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                          *
     Plaintiff,

     VS.                                *                    CASE NO:  CV 2006-115

                                        *

ROYAL LOGGING; J. H. ROYAL, JR.,
et al.,                                  *
     Defendants.

### <u>NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY</u>

     Take notice that upon the expiration of fifteen (15) days from the date of service

of this notice, Defendant Royal Logging; J. H. Royal, Jr., will apply to the Clerk of this

Court for issuance of the following Subpoena directed to the individuals listed below,

who are not  parties and whose addresses are listed below, to produce the records,

documents, files, and/or things requested at the time and place specified in the

Subpoenas:

     Custodian of Records
     Jackson Hospital
     1725 Pine Street
     Montgomery, AL 36106

                         By: _____

                               L. Merrill Shirley, Esq. (SHI008)
                               J. Doug Martin, Jr., Esq. (MAR124)
                               Griffin M. Shirley, Esq. (SHI032)
                               Attorneys for Defendant
                               Montgomery Industrial Gas
                               431 North Court Street
                               Post Office Box 408
                               Elba, Alabama 36323
                               (334) 897-5775



RECEIVED
MAR  3 2007
JEANNIE GIBSON
CRENSHAW COUNTY CIRCUIT CLERK

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing on:

Hon. Davis L. Middlemas, Esq.
Attorney at Law
1740 Oxmoor Road, Suite 210
Birmingham, Alabama  35209

by placing a copy of same in the United States Mail, postage prepaid and properly addressed, to the address set out above, on this the ____ day of _____ 2007.

Of Counsel

-2-

IN THE CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                              *
    Plaintiff,

                        *

    VS.                                      *          CASE NO:  CV 2006-115

                        *

ROYAL LOGGING; J. H. ROYAL, JR.,            *
et al.,                                     *

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS, ETC., UNDER RULE 34

**TO:**   Custodian of Records
        Jackson Hospital
        1725 Pine Street
        Montgomery, AL 36106

       You are hereby notified to comply with the following request of Defendant.
That you forward copies of the following class of documents:

       Your complete files pertaining to the employment, at anytime whatsoever, of
**Flemon Flowers, DOB: 04/15/49, SSN: 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,** including but not limited to:
employment application, testing information, attendance records, vacation records,
disciplinary records, documentation related to insurance filings, claims and payment
information, and all other records contained in your file, by whatever name known.
      Said documents are to be forwarded to Defendant's Attorney, **L. Merrill Shirley**, at
the address noted below on or before thirty (30) days from date of service.
      Defendant agrees to pay all reasonable expenses incurred by you in the copying
and producing of these documents.
      In accordance with the Federal privacy rules issued pursuant to the Health
Insurance Portability and Accountability Act (HIPAA Privacy Rules) we are providing
you with the following satisfactory assurances:  1. We have made a good faith attempt
to provide the patient, either through his/her counsel or directly, with a copy of this Civil
Subpoena.  2. The Civil Subpoena includes sufficient information about the litigation
proceeding in which the medical and/or billing information is requested to permit the
patient, either through his/her counsel or directly, to raise an objection.  3. As the Court
has issued this Subpoena, the time for the patient to raise any objection has lapsed,
and no objections were filed, or all objections filed by the patient have been resolved.
Accordingly, following service of the Civil Subpoena you may disclose the requested
information in compliance with the HIPAA Privacy Rules.

      **DONE** this the _____ day of _____, 2007.

_____
L. MERRILL SHIRLEY, ESQ.                        _____
Attorney for Defendant                          CLERK OF COURT
Post Office Box 408
Elba, AL  36323
(334) 897-5775                                  By:_____
                                  DEPUTY CLERK

**RETURN ON SERVICE:** Executed by leaving a copy with _____, on this
_____ day of _____, 2007.

_____
       **SHERIFF**

# L. MERRILL SHIRLEY
### ATTORNEY AT LAW
**431 NORTH COURT STREET**
**POST OFFICE BOX 408**
**ELBA, ALABAMA 36323**

---

**TELEPHONE (334) 897-5775**
**FAX (334) 897-2304**

**L. Merrill Shirley, Esq.**
**J. Doug Martin, Jr., FLMI, Esq.**
**Griffin M. Shirley, Esq.**

March 29, 2007

Hon. H. Edward McFerrin, Judge
c/o Crenshaw County Circuit Clerk
Post Office Box 167
Luverne, Alabama  36049-0167

Re:    Flemon Flowers vs. Royal Logging; J. H.
Royal, Jr.; et al.; Circuit Court of Crenshaw
County, Alabama; Case No:  CV 2006-115

Dear Judge McFerrin:

This case is recently filed and discovery is incomplete.

Therefore, I am asking your Honor to pass this case and excuse my presence from the docket call.  I have a previously scheduled hearing with Judge McKathan in Covington County.

I have notified opposing counsel I am making this announcement to the Court.

Respectfully Submitted,

L. Merrill Shirley

LMS/imw

cc:    Hon. Davis L. Middlemas, Esq.

flowers 4ltr judge



IN THE CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                          *
     Plaintiff,

                                     *

     VS.                                    *          CASE NO:  CV 2006-115

                                     *

ROYAL LOGGING; J. H. ROYAL, JR.,
et al.,                                  *
     Defendants.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of:

--    *Defendant's Answers to Plaintiff's First Interrogatories and Responses to Plaintiff's Request for Production to Defendant*

--    *General Objections*

was served on the following by placing a copy of same in the United States Mail,

postage prepaid and addressed as follows on this, the 29ᵗʰ day of March, 2007:

      Davis L. Middlemas, Esq.
      1740 Oxmoor Road, Suite 210
      Birmingham, Alabama  35209

                                    L. Merrill Shirley, Esq. (SHI008)
                                    J. Doug Martin, Jr., Esq. (MAR124)
                                    Griffin M. Shirley, Esq. (SHI032)
                                    Attorneys for Defendant
                                    431 North Court Street
                                    Post Office Box 408
                                    Elba, Alabama 36323
                                    (334) 897-5775

RECEIVED
APR - 2 2007
JEANNIE GIBSON
CRENSHAW COUNTY CIRCUIT CLERK

)                                                )

# L. MERRILL SHIRLEY

*ATTORNEY AT LAW*
**431 NORTH COURT STREET**
**POST OFFICE BOX 408**
**ELBA, ALABAMA 36323**

**TELEPHONE (334) 897-5775**
**FAX (334) 897-2304**

L. Merrill Shirley, Esq.
J. Doug Martin, Jr., FLMI, Esq.
Griffin M. Shirley, Esq.

RECEIVED

APR - 2 2007

JEANNIE GIBSON
CRENSHAW COUNTY CIRCUIT CLERK

March 28, 2007

Hon. Jeannie Gibson, Clerk
Crenshaw County Circuit Court
29 South Glenwood Avenue
Luverne, Alabama  36049-0167

Re:    Flemon Flowers vs. Royal Logging; J. H.
Royal, Jr.; et al.; Circuit Court of
Crenshaw County, Alabama; Case No:
CV 2006-115

Dear Jeannie:

Enclosed please find one (1) Civil Subpoena for Production of Documents, Etc.,
Under Rule 34, to be served on the following:

Custodian of Records
Jackson Hospital
1725 Pine Street
Montgomery, AL 36106

I have enclosed a postage-paid envelope together with certified mail receipt, for
the out-of-state Subpoena, as well as a check in the amount of $12.00 to cover your
costs of service.

Your cooperation and assistance in this matter are appreciated.

Sincerely,

L. Merrill Shirley

LMS/ljm
Enclosures

IN THE CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                          *
    Plaintiff,

                    *

    VS.                                  *          CASE NO:  CV 2006-115

                    *

ROYAL LOGGING; J. H. ROYAL, JR.,
et al.,                                  *

**CIVIL SUBPOENA FOR PRODUCTION
OF DOCUMENTS, ETC., UNDER RULE 34**

RECEIVED

JEANNIE GIBSON
CRENSHAW COUNTY CIRCUIT CLERK

**TO:**    Custodian of Records
        Jackson Hospital
        1725 Pine Street
        Montgomery, AL 36106

You are hereby notified to comply with the following request of Defendant.
That you forward copies of the following class of documents:



time whatsoever, of
but not limited to:
s, vacation records,
claims and payment
ever name known.
y, **L. Merrill Shirley,** at
of service.
by you in the copying

t to the Health
les) we are providing
de a good faith attempt
, with a copy of this Civil
on about the litigation
quested to permit the
objection. 3. As the Court
objection has lapsed,
t have been resolved.
isclose the requested

                                     _April_____, 2007.

                                  Jeannie Gibson
                                  CLERK OF COURT

(334) 897-5775                          By:_____
                                      DEPUTY CLERK

**RETURN ON SERVICE:** Executed by leaving a copy with _____, on this
____ day of _____, 2007.

                            _____
                            **SHERIFF**

IN THE CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                          *
    Plaintiff,

                         *

    VS.                                  *        CASE NO:  CV 2006-115

                         *

ROYAL LOGGING; J. H. ROYAL, JR.,
et al.,                                  *
    Defendants.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of:

    --    *Notice of Deposition and Request for Production*

was served on the following by placing a copy of same in the United States Mail,

postage prepaid and addressed as follows on this, the 21st day of May, 2007:

        Davis L. Middlemas, Esq.
        1740 Oxmoor Road, Suite 210
        Birmingham, Alabama  35209

                                        _____
                                        Attorney for Defendants

Of Counsel:
L. Merrill Shirley, Esq. (SHI008)
J. Doug Martin, Jr., Esq. (MAR124)
Griffin M. Shirley, Esq. (SHI032)
431 North Court Street
Post Office Box 408
Elba, Alabama 36323
(334) 897-5775



RECEIVED
MAY 2 2007
23
JEANNIE GIBSON
CRENSHAW COUNTY CIRCUIT CLERK

S



**AlaFile E-Notice**

24-CV-2006-000115.00

To: JOHN DEERE & COMPANY
1 JOHN DEERE PLACE
MOLINE, IL 61265

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS VS ROYAL LOGGING, ET AL
24-CV-2006-000115.00

The following complaint was FILED on 5/29/2007 4:30:44 PM

Notice Date:     5/29/2007 4:30:44 PM

JEANNIE GIBSON
CIRCUIT COURT CLERK
CRENSHAW COUNTY, ALABAMA
COUNTY COURTHOUSE
LUVERNE, AL 36049

334-335-6575
jeannie.gibson@alacourt.gov



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL

IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA
FLEMON FLOWERS VS ROYAL LOGGING, ET AL

**24-CV-2006-000115.00**

To:  CLERK CRENSHAW
     clerk.crenshaw@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $5.38**

Parties to be served by **Certified Mail - Return Receipt Requested**

JOHN DEERE & COMPANY                          Postage: $5.38
1 JOHN DEERE PLACE
MOLINE, IL 61265

Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**

ELECTRONICALLY FILED
5/29/2007 4:30 PM
CV-2006-000115.00
CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA
JEANNIE GIBSON, CLERK

## THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

| | |
|---|---|
| FLEMON FLOWERS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     CIVIL ACTION NO.: 06-115 |
| | ) |
| ROYAL LOGGING; J. H. ROYAL, JR.; | ) |
| AND THOSE OTHER PERSONS, | ) |
| CORPORATIONS, AND OTHER | ) |
| LEGAL ENTITIES DESIGNATED | ) |
| HEREIN AS FICTITIOUS PARTIES; | ) |

### PLAINTIFF'S FIRST AMENDMENT TO COMPLAINT

COMES NOW the Plaintiff in the above styled cause and amends his Complaint substantially as follows:

    A.     Plaintiff hereby adopts and incorporates by reference each and ever allegation set forth in the original Summons and Complaint as if it were set forth fully herein.

    B.   Plaintiff further amends the complaint to add defendant John Deere and Company and to add fictitious party defendants identified as Numbers 10 and 11.

    C.   Plaintiff amends the complaint to add in the following count against Defendant John Deere and Company and fictitious party defendants 10 and 11:

## COUNT TWO

Plaintiff reaffirms and re-alleges paragraphs one through seven above of the original complaint.

8.     Defendant, John Deere and Company, is a business corporation doing business in the state of Alabama and is engaged in the business of manufacturing and selling commercial skidders for use in logging operations and other sorts of businesses.

9.     Defendant, at some time prior to May 26, 2005, manufactured and sold the skidder involved in the incident made the basis of this complaint and placed it in the stream of commerce. Plaintiff's employer ultimately purchased this skidder and used it at its place of business and in its business activities. The product reached Plaintiff, as the ultimate user or consumer of the product, without any substantial change in its condition from the time it was sold by defendants.

10.    This skidder, at the time it reached Plaintiff, was in a defective condition unreasonably dangerous to Plaintiff as the ultimate user or consumer, as defined under the Alabama Extended Manufactured Liability Doctrine, in that it was defectively designed which allowed roll-overs and tip overs and failed to have proper safety features and equipment in place to avoid injuries in roll-over accidents.

11.    Plaintiff was using the above described skidder and as a proximate consequence of the defective, unreasonably dangerous condition, Plaintiff suffered severe and permanent injury in a roll-over accident.

12.    As a proximate consequence of the above-mentioned conduct of defendants, Plaintiff incurred the following injuries and damages: he was rendered a paralyzed quadriplegic; he incurred medical expenses and will do so in the future; he incurred physical pain and mental anguish and will do so in the future; he was permanently disfigured and disabled; he has lost his ability to work and earn wages.


WHEREFORE, Plaintiff demands judgment against defendant for an amount in excess of $50,000 in compensatory and punitive damages, plus costs.

s/ Davis L. Middlemas
DAVIS L. MIDDLEMAS (MID007)
Attorney for Plaintiff

OF COUNSEL:
Attorney At Law, LLC.
1740 Oxmoor Road, Suite 210
Birmingham, Alabama 35209
Telephone:    (205) 380-0737
Facsimile:    (205) 879-9181


### JURY DEMAND

Plaintiff demands trial by struck jury on all issues raised herein.


–2–

s/ Davis L. Middlemas
DAVIS L. MIDDLEMAS (MID007)
Attorney for Plaintiff

**Plaintiff's Address:**
Flemon Flowers
C/O Davis L. Middlemas
1740 Oxmoor Road, Suite 210
Birmingham, AL 35209

**Serve Defendants: (To be Served Via Certified Mail)**
John Deere & Company
One John Deere Place
Moline, Illinois 61265

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing upon all counsel of record by facsimile and U. S. Mail on this 29th day of May, 2007.

L. Merrill Shirley, Esq.
J. Doug Martin, Jr., Esq.
Griffin M. Shirley, Esq.
431 North Court Street
P.O. Box 408
Elba, AL 36323

s/ Davis L. Middlemas
Davis L. Middlemas (MID007)
Attorney for Plaintiff

**OF COUNSEL:**
Attorney At Law, LLC.
1740 Oxmoor Road, Suite 210
Birmingham, Alabama 35209
Telephone:      (205) 380-0737
Facsimile:      (205) 879-9181

–3–

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>24-CV-2006-000115.00 |

## IN THE CIVIL COURT OF CRENSHAW, ALABAMA
### FLOWERS FLEMON v. ROYAL LOGGING

**NOTICE TO**  JOHN DEERE & COMPANY, 1 JOHN DEERE PLACE, MOLINE IL, 61265

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DAVIS MIDDLEMAS

WHOSE ADDRESS IS 4740 OXMOOR ROAD SUITE 340

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, ~~and~~ 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JOHN DEERE & CO
1 JOHN DEERE PL
MOLINE IL 61265

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Vickie Shaw_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
6-5-07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7006 2150 0002 4700 1991

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

...COMPLAINT WERE DELIVERED TO
THE MONEY OR OTHER THINGS

...vil Procedure:

...action upon the defendant

...WERS FLEMON

By _____

**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .58 |
| Certified Fee | 2.65 |
| Return Receipt Fee<br>(Endorsement Required) | 2.15 |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ 5.38 |

Postmark Here — MAY 31 2007 — USPS — 36049

Sent To  John Deere & Co
Street, Apt. No.;  1 John Deere Pl
or PO Box No.
City, State, ZIP+4  Moline IL 61265

PS Form 3800, August 2006   See Reverse for Instructions

7006 2150 0002 4700 1991

...mmons and Complaint to _____

_____ County, Alabama on _____

...ignature

...-CV-2006-000115.00
...OWERS VS ROYAL LOGGING, ET AL

v.   D003 - JOHN DEERE & COMPANY
                    **Defendant**

24-CV-000115.00 D003

# SERVICE RETURN COPY

IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

RECEIVED
JUL 5 2007
JEANNIE GIBSON
CRENSHAW COUNTY CIRCUIT CLERK

FLEMON FLOWERS,                    )
                                   )
    Plaintiff,             )
                                   )
v.                                 )        CIVIL ACTION NO. 06-115
                                   )
ROYAL LOGGING, J. H. ROYAL, JR. et al,  )
                                   )
    Defendants.            )
                                   )
                                   )

## DEFENDANT DEERE & COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDMENT TO COMPLAINT

COMES NOW, Defendant Deere & Co. ("Deere") by and through its attorneys Lightfoot, Franklin & White, L.L.C. hereby submits its Answer to the plaintiff's First Amendment to the Complaint ("Complaint"):

### FIRST DEFENSE

Deere denies the material allegations of the Complaint, both separately and severally, and demands strict proof thereof.

### SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD DEFENSE

Deere is not liable for the matters and things alleged in the Complaint.

### FOURTH DEFENSE

Some or all of plaintiff's claims are barred by the applicable statute of limitations, res judicata, collateral estoppel, laches, unclean hands, waiver, accord and satisfaction, lack of standing, the doctrine of payment and release, and/or estoppel.



## FIFTH DEFENSE

Venue in this action is improper, or alternatively, more convenient in another forum.

## SIXTH DEFENSE

Deere avers that all of plaintiff's injuries and damages were caused by the acts or omissions of others for whom Deere owes no legal responsibility.

## SEVENTH DEFENSE

Deere avers that plaintiff was guilty of contributory negligence and that this negligence proximately caused or contributed to cause the alleged injuries and damages.

## EIGHTH DEFENSE

Deere avers that the plaintiff's injuries and damages were the result of assumption of the risk, and that said assumption of the risk was the proximate cause of the plaintiff's injuries and damages.

## NINTH DEFENSE

Deere avers that plaintiff misused the subject product, or component parts thereof, and such misuse was the proximate cause of plaintiff's injuries.

## TENTH DEFENSE

Plaintiff has failed to join necessary or indispensable parties.

## ELEVENTH DEFENSE

Deere denies that any conduct on its part was the proximate cause of the plaintiff's alleged injuries and damages.

## TWELFTH DEFENSE

Deere submits that the plaintiff's claimed damages were the result of superseding and intervening acts, and not any alleged wrongdoing by Deere.

2

### THIRTEENTH DEFENSE

Deere avers that plaintiff's claimed damages are the result of an independent, intervening event and that said event was the proximate cause of plaintiff's injuries and damages, and the alleged defects in the subject product were not the proximate cause of plaintiff's injuries.

### FOURTEENTH DEFENSE

Deere denies that its conduct was in any way negligent or wanton.

### FIFTEENTH DEFENSE

Deere avers that the product at issue was substantially modified or altered after it left this defendant's possession and control and that said modification(s) or alteration(s) were the proximate cause of plaintiff's claimed injuries and damages.

### SIXTEENTH DEFENSE

Deere denies that plaintiff was injured or harmed in any way by any act or omission by Deere or any of its agents.

### SEVENTEENTH DEFENSE

Any alleged non-conforming or defective condition of the subject product was the result of abuse, neglect, modification or alteration of the product that was not authorized by Deere.

### EIGHTEENTH DEFENSE

Some or all of plaintiff's claims are barred by the statute of repose and/or common law rule of repose.

### NINETEENTH DEFENSE

The claims alleged against Deere in the Complaint are barred by the Commerce Clause of the United States Constitution because they would, if allowed, impose an undue burden on interstate commerce.

3

### TWENTIETH DEFENSE

The claims alleged against Deere, separately and severally, in the Complaint are barred

by the Supremacy Clause of the United States Constitution (U.S. Const., Art. VI), in that

plaintiff's claims are expressly and impliedly preempted by federal law.

### TWENTY-FIRST DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as

applied to Deere in this case.

### TWENTY-SECOND DEFENSE

The Complaint fails to state a claim under any liability theory other than the Alabama

Extended Manufacturer's Liability Doctrine.

### TWENTY-THIRD DEFENSE

Deere denies that the product described in the Complaint was defective when the product

left Deere's possession.

### TWENTY-FOURTH DEFENSE

Deere avers that the invitation for a court or jury to impose liability on Deere for a

product designed in conformance with the standards set by the United States government would

deny Deere due process of law in violation of the Fourteenth Amendment to the United States

Constitution.

### TWENTY-FIFTH DEFENSE

Deere avers that the invitation for a court or jury to impose liability on Deere for a

product designed in conformance with standards set by the United States government would be

contrary to the public policy of Alabama and the United States.

4

## TWENTY-SIXTH DEFENSE

Deere avers that the product at issue was not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine because of each of the following:

    a)    It had been altered or modified prior to the accident and was not in substantially the same condition at that time as when it left this defendant's possession and control;

    b)    The product was neither defective nor unreasonably dangerous;

    c)    The product was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated; and

    d)    The manufacture and design of the product was well in keeping with the state of the art at the time of the manufacture of the product.

## TWENTY-SEVENTH DEFENSE

The Alabama Extended Manufacturer's Liability Doctrine, which in effect is the doctrine of strict liability, which the plaintiff contends is applicable in this case, is constitutionally void in that:

    (a)    It operates to create a conclusive presumption that is arbitrary and operates to deny a fair opportunity on the part of the manufacturer and/or seller to rebut such conclusive presumption and acts to substitute judicial fiat in place of fact in judicial determination of an issue involving property of this defendant with the result that:

    (i)    It deprives this defendant, separately and severally, of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions of the Constitution proscribing any state from depriving a person of property without due process of law; and

5

(ii)    Separately, it deprives this defendant, separately and severally, of property without due process of law contrary to Article I, Section 6, of the State of Alabama Constitution and specifically contrary to said provision of the Constitution of the State of Alabama providing that no person shall be deprived of property except by due process of law, with the result that the plaintiff is not entitled to recover in this cause against this defendant.

(b)    It denies this defendant, separately and severally, the equal protection of the laws contrary to the Fourteenth Amendment of the Constitution of the United States and specifically contrary to that portion of the Fourteenth Amendment proscribing any state from denying "to any person within its jurisdiction equal protection of the laws" in that it discriminates against the manufacturer and seller in favor of other defendants in litigation for the reason that it imposes a higher duty upon the manufacturer and seller than was or is imposed upon other persons who are defendants under circumstances where the imposition of a higher duty upon the manufacturer and/or seller would amount to an unreasonable classification, and hence the plaintiff is not entitled to recover against this defendant.

(c)    The attempted imposition of strict liability in this case against this defendant operates to deny this defendant equal protection of law contrary to the provisions of the Constitution of the State of Alabama which require the state to afford all persons equal protection of law with the result that the plaintiff is not entitled to recover against this defendant, separately or severally, in this case.

## TWENTY-EIGHTH DEFENSE

Deere denies that the subject product was defective in its design or manufacture.

## TWENTY-NINTH DEFENSE

Deere avers that the subject vehicle was not being used for its intended purpose when the subject accident occurred.

## THIRTIETH DEFENSE

Deere pleads the sophisticated user defense.

## THIRTY-FIRST DEFENSE

Deere denies that it owed any duty to plaintiff.  Alternatively, Deere denies that it breached any such duty.

## THIRTY-SECOND DEFENSE

Deere avers that plaintiff does not have standing to bring this action.

## THIRTY-THIRD DEFENSE

If it is established that this defendant is in any manner legally responsible for any of the damages claimed by plaintiff such damages were proximately contributed to and caused by other defendants, or persons or entities not yet parties to this action, and, hence, this defendant is entitled to equitable and applied indemnity/contribution from each of said other defendants, persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

## THIRTY-FOURTH DEFENSE

Deere asserts as a defense, credit or set-off against the damages claimed by the plaintiff, the settlement (and any monies paid pursuant thereto) between the plaintiff and any other person or entity and also any monies paid to or on behalf of the plaintiff for injuries or damages suffered in the incident made the basis of this case by any source.

### THIRTY-FIFTH DEFENSE

Deere is entitled to a set-off of all amounts paid to the plaintiff by any defendant pursuant to pro tanto settlements.  To the extent that any damages claimed by plaintiff have been or will be indemnified in whole or in part from any collateral source, any verdict or judgment against Deere must be reduced by those amounts pursuant to Ala. Code § 6-5-522.

### THIRTY-SIXTH DEFENSE

Deere avers that jurisdiction over the subject matter or Deere is/are lacking.

### THIRTY-SEVENTH DEFENSE

Deere avers that parties and/or claims were improperly or fraudulently joined.

### THIRTY-EIGHTH DEFENSE

Deere avers that process or service of process was/were insufficient.

### THIRTY-NINTH DEFENSE

Plaintiff's claims are barred due to the doctrine of spoliation and plaintiff's failure to preserve crucial evidence.

### FORTIETH DEFENSE

Deere avers that the subject product at the time it was manufactured is presumed to be free of defect as it: (a) complied with The State of the Art; and, (b) complied with all applicable government and industry standards.

### FORTY-FIRST DEFENSE

Deere contests the amount and nature of the damages claimed by the plaintiff in the Complaint.

8

### FORTY-SECOND DEFENSE

Deere avers that plaintiff's complaint is vague in its allegations against Deere, including but not limited to, its allegation as to the amount of damages at issue in this lawsuit. Accordingly, Deere reserves the right to assert additional defenses or arguments as discovery develops, including but not limited to, reserving the right to seek a federal forum should the facts establish that such a venue would be proper.

### FORTY-THIRD DEFENSE

Plaintiff fails to state a claim for punitive damages.

### FORTY-FOURTH DEFENSE

Imposition of punitive damages against Deere in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

### FORTY-FIFTH DEFENSE

Any award of punitive damages based on anything other than Deere's conduct in connection with the sale of the specific tractor that is the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment and the Due Process Clause of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama, because any other judgment for punitive damages in this case cannot protect Deere against impermissible multiple punishment for the same wrong. In addition, any such award would violate the Commerce Clause of the United States Constitution and principles of comity under the laws of the State of Alabama.

### FORTY-SIXTH DEFENSE

The procedure and methods asserted for awarding punitive damages against Deere in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

### FORTY-SEVENTH DEFENSE

Any claim of punitive damages against Deere cannot be sustained, because any award of such damages would constitute a retroactive impairment of contractual obligations, in violation of the Contracts Clause of the United States Constitution (U.S. Const., Art. I, § 10).

### FORTY-EIGHTH DEFENSE

Any claim of punitive damages against Deere cannot be sustained, because any award of such damages would violate the Commerce Clause of the United States Constitution (U.S. Const., Art. I, § 8, cl. 3).

### FORTY-NINTH DEFENSE

Unless both Deere's liability for punitive damages and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate Deere' s due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

### FIFTIETH DEFENSE

Any claim of plaintiff for punitive damages against Deere cannot be sustained, because any award of such damages under Alabama law without bifurcating the trial of all such damages issues would violate Deere 's due process rights guaranteed by the Fourteenth Amendment to the

10

United States Constitution and the due process provisions of the Constitution of the State of Alabama.

### FORTY-FOURTH DEFENSE

The Complaint fails to state a claim for which damages for mental anguish or emotional distress can be awarded.

### FIFTY-FIRST DEFENSE

An award of pain and suffering, mental anguish or emotional distress damages in this case will violate Deere's due process and equal protection rights guaranteed by the Alabama Constitution and the United States Constitution because Alabama juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

### FIFTY–SECOND DEFENSE

To award plaintiff damages for alleged pain and suffering, mental anguish or emotional distress in the absence of any standards for the determination of pain and suffering, mental anguish or emotional distress and/or the absence of any requirement for corroborating or objective evidence of pain and suffering, mental anguish or emotional distress makes such an award tantamount to punitive damages.  As such, Deere avers that such an award in this case would violate both the Alabama Constitution and the United States Constitution for the other separate and several reasons stated herein.

### FIFTY-THIRD DEFENSE

Any claim plaintiff may assert for alleged mental anguish is barred absent a showing of actual physical injury or physical manifestation of mental anguish/emotional distress.  The plaintiff is not entitled to recover damages for such alleged mental anguish unless the plaintiffs

11

produce evidence proving that the alleged mental anguish was so severe that an ordinary person would not be expected to endure it, i.e., the same standard applied for the tort of outrage claims.

### FIFTY-FOURTH DEFENSE

Any claim of plaintiff for punitive damages against Deere cannot be sustained, because any award of such damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose, would violate Deere's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

### FIFTY-FIFTH DEFENSE

In 2003, the United States Supreme Court ruled in State Farm Mutual Automobile Insurance Company v. Campbell, 123 S. Ct. 1513 (2003), that awards exceeding a single-digit ratio between punitive damages and compensatory damages will rarely satisfy due process. Accordingly, any award of punitive damages in excess of a single-digit ratio to compensatory damages cannot be sustained because it would violate the Deere's rights under the Fourteenth Amendment to the United States Constitution.

### FIFTY-SIXTH DEFENSE

Pursuant to Ala. Code § 6-11-21, punitive damages are limited to three times the compensatory damages awarded to the party claiming punitive damages, or $500,000.00, whichever is greater. This Code section became effective June 7, 1999, and applies to all actions commenced more than 60 days after such effective date. Therefore, an application of the punitive damages cap to the current action is appropriate and in full accord with the public policy of the State of Alabama.

12

## FIFTY-SEVENTH DEFENSE

Pursuant to Alabama Code § 6-11-21, prior to the 1999 amendment, punitive damages are limited to $250,000.00, absent proof of a pattern or practice of intentional wrongful conduct, actual malice or libel, slander or defamation.

## FIFTY-EIGHTH DEFENSE

Pursuant to Ala. Code § 6-11-21, Deere is not liable for any portion of any award of punitive damages wherein there has been no express findings that Deere engaged in conduct as defined in Ala. Code § 6-11-20. Deere is not jointly and severally liable to the plaintiff for any award of punitive damages.

## FIFTY-NINTH DEFENSE

Under Ala. Code § 6-11-20, punitive damages are only recoverable if a plaintiff proves by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. Accordingly, plaintiff is not entitled to recover punitive damages for any alleged conduct other than intentional conduct.

## SIXTIETH DEFENSE

Any claim of plaintiff for punitive damages against Deere cannot be sustained, because any award of such damages under Alabama law for the purpose of compensating plaintiff for elements of damage not otherwise recognized by Alabama law would violate Deere's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## SIXTY-FIRST DEFENSE

Any claim of plaintiff for punitive damages against Deere cannot be sustained because any award of such damages under Alabama law by a jury that (1) is not provided a standard of

13

sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Deere, (3) is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and (4) is not subject to judicial review on the basis of objective standards, would violate Deere's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### SIXTY-THIRD DEFENSE

Any claim of plaintiff for punitive damages against Deere cannot be sustained, because any award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate Deere's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

### SIXTY-FOURTH DEFENSE

Any claim of plaintiff for punitive damages cannot be sustained because any award of such damages under state law without the same protections that are accorded to all defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate Deere's rights under the Fourteenth Amendment to the

14

United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

### FORTY-FIFTH DEFENSE

Deere reserves the right to amend its Answer to add any additional affirmative defenses or other defenses as additional information becomes available.


One of the Attorneys for Defendants
Deere & Company


OF COUNSEL:
Harlan I. Prater, IV (PRA004)
J. Chandler Bailey (BAI043)
Enrique J. Gimenez (GIM001)
Rachel M. Lary (LAR016)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this 5<u>th</u> day of June, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Davis L. Middlemas
1740 Oxmoor Road, Suite 210
Birmingham, Alabama 35209

L. Merrill Shirley
J. Doug Martin, Jr.
Griffin M. Shirley
431 North Court Street
P. O. Box 408
Elba, Alabama 36323

_____
Of Counsel

16

IN THE CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                        *
    Plaintiff,

                     *

    VS.                                        CASE NO:  CV 2006-115

                     *

ROYAL LOGGING; J. H. ROYAL, JR.,
et al.,                                *
    Defendants.

## AMENDED
## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service

of this notice, Defendant Royal Logging; J. H. Royal, Jr., will apply to the Clerk of this

Court for issuance of the following Subpoena directed to the individuals listed below,

who are not  parties and whose addresses are listed below, to produce the records,

documents, files, and/or things requested at the time and place specified in the

Subpoenas:

    Custodian of Records
    Jackson Hospital
    1725 Pine Street
    Montgomery, AL 36106


By: _____
    L. Merrill Shirley, Esq. (SHI008)
    J. Doug Martin, Jr., Esq. (MAR124)
    Griffin M. Shirley, Esq. (SHI032)
    Attorneys for Defendant
    Montgomery Industrial Gas
    431 North Court Street
    Post Office Box 408
    Elba, Alabama 36323
    (334) 897-5775



RECEIVED
JUL 13 2007
JEANNIE GIBSON
CRENSHAW COUNTY CIRCUIT CLERK

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing on:

Hon. Davis L. Middlemas, Esq.
Attorney at Law
1740 Oxmoor Road, Suite 210
Birmingham, Alabama  35209

by placing a copy of same in the United States Mail, postage prepaid and properly addressed, to the address set out above, on this the 21st day of July, 2007.


_____
Of Counsel

-2-

IN THE CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                                    *
    Plaintiff,

                                        *

    VS.
                                   *        CASE NO:  CV 2006-115

ROYAL LOGGING; J. H. ROYAL, JR.,
et al.,                                            *

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS, ETC., UNDER RULE 34

**TO:**   Custodian of Records
        Jackson Hospital
        1725 Pine Street
        Montgomery, AL 36106

You are hereby notified to comply with the following request of Defendant.
That you forward copies of the following class of documents:

Your complete file pertaining to the care and treatment, at anytime whatsoever, of **Flemon Flowers, DOB: 04/15/49, SSN: 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,** including but not limited to patient history information, notes, charts, interpretations of radiology and/or lab work, all documentation related to any insurance filings, including claims and payment information, and all other records contained in your file by whatever name known.

Said documents are to be forwarded to Defendant's Attorney, **L. Merrill Shirley**, at the address noted below on or before thirty (30) days from date of service.

Defendant agrees to pay all reasonable expenses incurred by you in the copying and producing of these documents.

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act (HIPAA Privacy Rules) we are providing you with the following satisfactory assurances: 1. We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena. 2. The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection. 3. As the Court has issued this Subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved. Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

**DONE** this the _____ day of _____, 2007.

L. MERRILL SHIRLEY, ESQ.
Attorney for Defendant
Post Office Box 408
Elba, AL  36323
(334) 897-5775

_____
CLERK OF COURT

By:_____
             DEPUTY CLERK

**RETURN ON SERVICE:** Executed by leaving a copy with _____, on this _____ day of _____, 2007.

_____
**SHERIFF**

IN THE CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                              *
    Plaintiff,

                           *

    VS.                                      *      CASE NO:  CV 2006-115

                           *

ROYAL LOGGING; J. H. ROYAL, JR.,
et al.,                                      *
    Defendants.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of:

  --    *Second Notice of Deposition and Request for Production*

was served on the following by placing a copy of same in the United States Mail,

postage prepaid and addressed as follows on this, the *10* day of *July*_____, 2007:

      Davis L. Middlemas, Esq.
      1740 Oxmoor Road, Suite 210
      Birmingham, Alabama  35209



                        Attorney for Defendants

Of Counsel:
L. Merrill Shirley, Esq. (SHI008)
J. Doug Martin, Jr., Esq. (MAR124)
Griffin M. Shirley, Esq. (SHI032)
431 North Court Street
Post Office Box 408
Elba, Alabama 36323
(334) 897-5775

RECEIVED
JUL 1 6 2007
JEANNIE GIBSON
CRENSHAW COUNTY CIRCUIT CLERK



IN THE CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                        *
    Plaintiff,

                        *

    VS.                                *        CASE NO:  CV 2006-115

                        *

ROYAL LOGGING; J. H. ROYAL, JR.,
et al.,                                *

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS, ETC., UNDER RULE 34

**TO:**    Custodian of Records
        Jackson Hospital
        1725 Pine Street
        Montgomery, AL 36106

RECEIVED
JUL 30 2007
JEANNIE GIBSON
CRENSHAW COUNTY CIRCUIT CLERK

You are hereby notified to comply with the following request of Defendant.
That you forward copies of the following class of documents:

    Your complete file pertaining to the care and treatment, at anytime whatsoever, of **Flemon Flowers, DOB: 04/15/49, SSN: 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**, including but not limited to patient history information, notes, charts, interpretations of radiology and/or lab work, all documentation related to any insurance filings, including claims and payment information, and all other records contained in your file by whatever name known.

    Said documents are to be forwarded to Defendant's Attorney, **L. Merrill Shirley**, at the address noted below on or before thirty (30) days from date of service.

    Defendant agrees to pay all reasonable expenses incurred by you in the copying and producing of these documents.

    In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act (HIPAA Privacy Rules) we are providing you with the following satisfactory assurances: 1. We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena. 2. The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection. 3. As the Court has issued this Subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved. Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

    **DONE** this the 30 day of _____July_____, 2007.

L. MERRILL SHIRLEY, ESQ.                          CLERK OF COURT
Attorney for Defendant
Post Office Box 408
Elba, AL  36323
(334) 897-5775                                   By: _____
                                          DEPUTY CLERK

**RETURN ON SERVICE:** Executed by leaving a copy with _____, on this
_____ day of _____, 2007.

_____
              **SHERIFF**

# L. MERRILL SHIRLEY
### ATTORNEY AT LAW
**431 NORTH COURT STREET**
**POST OFFICE BOX 408**
**ELBA, ALABAMA 36323**

**TELEPHONE (334) 897-5775**
**FAX (334) 897-2304**

**L. Merrill Shirley, Esq.**
**J. Doug Martin, Jr., FLMI, Esq.**
**Griffin M. Shirley, Esq.**

July 27, 2007

Hon. Jeannie Gibson, Clerk
Crenshaw County Circuit Court
29 South Glenwood Avenue
Luverne, Alabama  36049-0167

        Re:    Flemon Flowers vs. Royal Logging; J. H.
                 Royal, Jr.; et al.; Circuit Court of
                 Crenshaw County, Alabama; Case No:
                 CV 2006-115

Dear Jeannie:

    Enclosed please find one (1) Civil Subpoena for Production of Documents, Etc.,
Under Rule 34, to be served on the following:

    Custodian of Records
    Jackson Hospital
    1725 Pine Street
    Montgomery, AL 36106

    I have enclosed a check in the amount of $12.00 to cover your costs of service.

    Your cooperation and assistance in this matter are appreciated.

                  Sincerely,

                  L. Merrill Shirley

LMS/ljm
Enclosures



RECEIVED
JUL 3 0 2007
JEANNIE GIBSON
CRENSHAW COUNTY CIRCUIT CLERK

IN THE CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                    *
    Plaintiff,

                    *

    VS.                            *            CASE NO:  CV 2006-115

                    *

ROYAL LOGGING; J. H. ROYAL, JR.,
et al.,                            *

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS, ETC., UNDER RULE 34

**TO:**    Custodian of Records
       Jackson Hospital
       1725 Pine Street
       Montgomery, AL 36106

You are hereby notified to comply with the following request of Defendant.
That you forward copies of the following class of documents:

    Your complete file pertaining to the care and treatment, at anytime whatsoever, of **Flemon Flowers, DOB: 04/15/49, SSN: 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,** including but not limited to patient history information, notes, charts, interpretations of radiology and/or lab work, all documentation related to any insurance filings, including claims and payment information, and all other records contained in your file by whatever name known.

    Said documents are to be forwarded to Defendant's Attorney, **L. Merrill Shirley,** at the address noted below on or before thirty (30) days from date of service.

    Defendant agrees to pay all reasonable expenses incurred by you in the copying and producing of these documents.

    In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act (HIPAA Privacy Rules) we are providing you with the following satisfactory assurances: 1. We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena.  2. The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.  3. As the Court has issued this Subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved. Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

    **DONE** this the 30 day of July, 2007.

L. MERRILL SHIRLEY, ESQ.
Attorney for Defendant
Post Office Box 408
Elba, AL 36323
(334) 897-5775

CLERK OF COURT

By: _____
      DEPUTY CLERK

**RETURN ON SERVICE:** Executed by leaving a copy with Jackson Hosp on this
____ day of Aug, 2007.  in cq Cynthia Davis

SHERIFF

IN THE CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                         *
    Plaintiff,

                         *

    VS.                                  *        CASE NO:  CV 2006-115

                         *

ROYAL LOGGING; J. H. ROYAL, JR.,
et al.,                                 *
    Defendants.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of:

    --    *Third Notice of Deposition and Request for Production*

was served on the following by placing a copy of same in the United States Mail,

postage prepaid and addressed as follows on this, the 6th day of September, 2007:

Davis L. Middlemas, Esq.
1740 Oxmoor Road, Suite 210
Birmingham, Alabama  35209

Harlan I. Prater, IV, Esq.
J. Chandler Bailey, Esq.
Enrique J. Gimenez, Esq.
LIGHTFOOT, FRANKLIN & WHATE, llc
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200

                              Doug Martin, JR,
                              Attorney for Defendants

Of Counsel:
L. Merrill Shirley, Esq. (SHI008)
J. Doug Martin, Jr., Esq. (MAR124)
Griffin M. Shirley, Esq. (SHI032)
431 North Court Street
Post Office Box 408
Elba, Alabama 36323
(334) 897-5775



RECEIVED
SEP - 7 2007
JEANNIE GIBSON
CRENSHAW COUNTY CIRCUIT CLERK

IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                          )
                                         )
    Plaintiff,                       )
                                         )
v.                                       )     CIVIL ACTION NO.: *CV-06-115*
                                         )
ROYAL LOGGING; J. H. ROYAL, JR.;         )
AND THOSE OTHER PERSONS,                 )
CORPORATIONS, AND OTHER                  )
LEGAL ENTITIES DESIGNATED                )
HEREIN AS FICTITIOUS PARTIES;            )

RECEIVED
DEC 2006
ANN W. TATE
CIRCUIT CLERK

No. 1, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity doing business as Royal Logging;

No. 2, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity known as J. H. Royal, Jr.;

No. 3, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for supervising Flemon Flowers on the occasion of the incident made the basis of this lawsuit;

No. 4, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for providing any insurance coverage, of whatever kind or character, to any of the named or fictitious Defendants herein;

No. 5, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity, other than those entities described herein, which is the successor in interest of any of the named or fictitious Defendants herein;

No. 6, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity, other than those entities described herein, which is the predecessor entity of any of the named or fictitious Defendants herein;

No. 7, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity whose wrongful conduct contributed to cause the incident made the basis of this lawsuit;

No. 8, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for the injuries and damages suffered by the Plaintiff on the occasion of the incident made the basis of this lawsuit;

No. 9, Whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation, or other legal entity who was the employer of the Plaintiff on the date made the basis of this suit;

Plaintiff avers that the identity of the fictitious party defendants herein is otherwise unknown to plaintiff at this time or, if their names are known to plaintiff at this time, their identity as proper party defendants is not known to plaintiff at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

1

**Defendants.**

## COMPLAINT

Comes now Flemon Flowers, Plaintiff herein, and claims of the Defendants, Royal Logging and/or J. H. Royal, Jr. and/or fictitious party defendants 1 through 8, benefits under the Workers' Compensation Act of Alabama, as amended, and respectfully shows unto the Court as follows:

1.     That on or about May 26, 2005 the relationship of employer and employee, or master and servant, existed between Flemon Flowers and Royal Logging and/or J. H. Royal, Jr., and such employer-employee relationship existed at all material times referred to herein.

2.     Plaintiff further avers that while so employed and engaged in the business of Defendant and while acting within the line and scope of her employment with Defendant, he suffered injuries and damages which were the proximate result of an accident that arose out of, and during the course of, his employment with Defendant as aforesaid.  Specifically, Flemon Flowers was injured after the skidder he was operating tipped over.  This accident caused Plaintiff to suffer severe injures to his spine, neck, shoulders, back, and legs.  The Plaintiff was permanently and totally injured and disabled and can no longer complete the requirements of his occupation.

3.     A controversy has arisen as to the benefits to be paid by the Defendant to Flemon Flowers under the Workers' Compensation Act of Alabama, as amended, and no settlement has been made between Plaintiff and Defendant for, and on account of, Plaintiff's injuries.

4.     At the time of the aforesaid injury, Flemon Flowers, was performing his duties for the Defendant and, in performance of said duties, he was caused to suffer multiple injuries and damages as the result of the accident described above.

2

5.    Plaintiff further avers that the Defendant had immediate legal and actual notice and knowledge of said injuries and claim, that Defendant has refused and declined to pay the Plaintiff benefits due under the Workers' Compensation Act of Alabama, and that this action is brought within two years from the date of the accident complained of, for the purpose of recovering the amounts to which Plaintiff is entitled hereunder, including, but not limited to reasonable medical expenses incurred for the treatment of said injuries and compensation for permanent disability.

6.    Fictitious Defendants 1- 9 above, whose more correct names and identities are unknown to Plaintiff at this time but will be more correctly named when their identities are ascertained, are the respective persons and/or entities who or which fit the descriptions reflected in 1 through 8 above.  Plaintiff re-alleges all of the allegations contained in paragraphs 1 through 5, against each of the Fictitious Defendants.

7.    Plaintiff avers that at the time of the aforesaid injuries, Plaintiff was receiving an average weekly wage of approximately $350.00.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims of the Defendant, including the Fictitious Party Defendants, such benefits as Plaintiff is entitled to receive under the Worker's Compensation Act of Alabama, as amended, and Plaintiff prays that this Court will take jurisdiction of this petition for compensation, that notice be given to defendant of the filing hereof as required by law, and that, upon a final submission, that this Court award to Plaintiff worker's compensation benefits as allowed by law, plus costs of this action.

3

Respectfully Submitted,

*Flemon Flowers*

FLEMON FLOWERS


STATE OF ALABAMA   )
CRENSHAW COUNTY  )

I, a notary public, in and for said State and County, hereby certify that **Flemon Flowers** has signed his name to the foregoing and has acknowledged before me that the information contained herein is true and accurate, to his best information and belief.

This the *13* day of *November* 2006.

*Donna R. Swords*

Notary Public
My commission expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Nov 8, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS


Davis L. Middlemas (MID007)
1740 Oxmoor Road, Suite 210
Birmingham, Alabama 35209
T: (205) 380-0737
F: (205) 879-9181


PLAINTIFF'S ADDRESS:
Flemon Flowers
c/o DAVIS L. MIDDLEMAS
1740 Oxmoor Road,  Suite 210
Birmingham, Alabama 35209

4

**SERVE DEFENDANT BY CERTIFIED MAIL:**
J.H. Royal, Jr.
6034 Ramer-Grady Road
Grady, AL 36036

ELECTRONICALLY FILED
2/9/2007 2:23 PM
CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA
JEANNIE GIBSON, CLERK

## IN THE CIRCUIT COURT OF
## CRENSHAW COUNTY, ALABAMA

FLEMON FLOWERS,                         *
     Plaintiff,
                              *

VS.                               *        CASE NO:  CV 2006-115
                               *

ROYAL LOGGING; J. H. ROYAL, JR.,
ET AL.,                        *
     Defendants.

## ANSWER

_____**COMES NOW** the Defendant, J. H. Royal, Jr. d/b/a Royal Logging, a sole

proprietor, the correct name of the Defendant, by and through the undersigned

attorneys, and in answer to Plaintiff's Complaint, says as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

1.     Defendant denies each and every allegation contained in the Plaintiff's

Complaint wherein Plaintiff is claiming compensation benefits and

demands strict proof thereof.

2.     In further response to the Complaint, Defendant says Defendant is not

guilty of the matters and things alleged therein.

## THIRD DEFENSE

1.     Defendant says in answer to the Complaint, Plaintiff has not failed to

receive temporary total disability compensation benefits for which he is

entitled.

2.    Defendant denies Plaintiff is entitled to the relief prayed for in the

Complaint.

## FOURTH DEFENSE

Pursuant to Section 25-5-56, <u>Code of Alabama</u>, as amended, Defendant,

pursuant to said statute, is not prohibited by waiver or estoppel from denying liability or

obligations unto the Plaintiff for worker's compensation benefits pursuant to said Act.

## FIFTH DEFENSE

Defendant pleads the general issue and says Defendant is not guilty.

## SIXTH DEFENSE

Defendant denies that any illness, loss of employment, disability or medical care,

attention and expenses incurred by the Plaintiff which are unpaid, arose out of, or in the

course of, any on-the-job injury with Defendant or from Plaintiff's employment with the

Defendant.

## SEVENTH DEFENSE

Defendant says any medical expenses incurred and claimed by the Plaintiff

which are unpaid were incurred without the authorization and approval of the

Defendant, and, pursuant to the Worker's Compensation Act, the Defendant is not

liable for said expenses in view of the Plaintiff's failure to first obtain approval, consent

and/or authorization from Defendant for said medical care.  Alternatively, any medical

expense of Plaintiff neither arose out of, nor in the course of, any employment with

Defendant, and/or any relationship with Defendant, subject to the jurisdiction of the

Worker's Compensation Act.

-2-

### EIGHTH DEFENSE

Defendant expressly denies Plaintiff has ever suffered any accident and subsequent injury arising out of or from his employment with Defendant. Defendant denies an obligation to pay benefits other than as paid and being paid in accordance with the Worker's Compensation Act. All acts of Defendant in refusing any obligation for benefits to Plaintiff pursuant to the Worker's Compensation Act were made with legal justification, good cause, and with good faith.

### NINTH DEFENSE

Defendant reserves the right to amend Defendant's Answer by adding other defenses, as discovery progresses and additional defenses become known to Defendant, or by deleting any defense raised herein.

### TENTH DEFENSE

Defendant answers Plaintiff has been paid approximately $20,759.36 in temporary total disability compensation. Medical benefits have been paid on Plaintiff's behalf for Plaintiff's alleged injury in the approximate amount of $171,383.04. Further, pursuant to Code of Alabama, Section 25-5-56, Defendant pleads said payments made are made without admission, prejudice, estoppel, nor are said payments to be considered or deemed a waiver of Defendant's rights or any defenses.

### ELEVENTH DEFENSE

In answer to each paragraph of Plaintiff's Complaint, Defendant says as follows:

1.    Admit.

2.    Defendant admits Plaintiff had an accident at work, but denies the

-3-

allegations alleged and remaining in said Paragraph.

3.    Admit.

4.    Defendant admits Plaintiff had an accident at work, but denies the

allegations alleged and remaining in said Paragraph.

5.    Defendant admits notice of Plaintiff's accident, but denies all other

remaining allegations of the Paragraph.

6.    Denied.

7.    Denied.

Defendant denies Plaintiff is entitled to relief prayed for by Plaintiff.

Respectfully submitted this 9th day of February, 2007.


By:    /s/ L. Merrill Shirley
_____    L. Merrill Shirley, Esq. (SHI008)
J. Doug Martin, Jr., Esq. (MAR 124)
Griffin M. Shirley, Esq. (SHI032)
Attorneys for Defendant
431 North Court Street
Post Office Box 408
Elba, Alabama  36323
(334) 897-5775


-4-

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing on:

Hon. Davis L. Middlemas, Esq.
Attorney at Law
1740 Oxmoor Road, Suite 210
Birmingham, Alabama  35209

by placing a copy of same in the United States Mail, postage prepaid and properly addressed, to the address set out above, on this the 9th day of February, 2007.


        /s/ L. Merrill Shirley
        Of Counsel

-5-

ELECTRONICALLY FILED
5/29/2007 4:30 PM
CV-2006-000115.00
CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA
JEANNIE GIBSON, CLERK

## THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

| | |
|---|---|
| FLEMON FLOWERS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 06-115 |
| ) | |
| ROYAL LOGGING; J. H. ROYAL, JR.; ) | |
| AND THOSE OTHER PERSONS, ) | |
| CORPORATIONS, AND OTHER ) | |
| LEGAL ENTITIES DESIGNATED ) | |
| HEREIN AS FICTITIOUS PARTIES; ) | |

## PLAINTIFF'S FIRST AMENDMENT TO COMPLAINT

COMES NOW the Plaintiff in the above styled cause and amends his Complaint substantially as follows:

A.      Plaintiff hereby adopts and incorporates by reference each and ever allegation set forth in the original Summons and Complaint as if it were set forth fully herein.

B.   Plaintiff further amends the complaint to add defendant John Deere and Company and to add fictitious party defendants identified as Numbers 10 and 11.

C.   Plaintiff amends the complaint to add in the following count against Defendant John Deere and Company and fictitious party defendants 10 and 11:

## COUNT TWO

Plaintiff reaffirms and re-alleges paragraphs one through seven above of the original complaint.

8.      Defendant, John Deere and Company, is a business corporation doing business in the state of Alabama and is engaged in the business of manufacturing and selling commercial skidders for use in logging operations and other sorts of businesses.

9.      Defendant, at some time prior to May 26, 2005, manufactured and sold the skidder involved in the incident made the basis of this complaint and placed it in the stream of commerce. Plaintiff's employer ultimately purchased this skidder and used it at its place of business and in its business activities. The product reached Plaintiff, as the ultimate user or consumer of the product, without any substantial change in its condition from the time it was sold by defendants.

10.    This skidder, at the time it reached Plaintiff, was in a defective condition unreasonably dangerous to Plaintiff as the ultimate user or consumer, as defined under the Alabama Extended Manufactured Liability Doctrine, in that it was defectively designed which allowed roll-overs and tip overs and failed to have proper safety features and equipment in place to avoid injuries in roll-over accidents.

11.    Plaintiff was using the above described skidder and as a proximate consequence of the defective, unreasonably dangerous condition, Plaintiff suffered severe and permanent injury in a roll-over accident.

12.    As a proximate consequence of the above-mentioned conduct of defendants, Plaintiff incurred the following injuries and damages: he was rendered a paralyzed quadriplegic; he incurred medical expenses and will do so in the future; he incurred physical pain and mental anguish and will do so in the future; he was permanently disfigured and disabled; he has lost his ability to work and earn wages.


WHEREFORE, Plaintiff demands judgment against defendant for an amount in excess of $50,000 in compensatory and punitive damages, plus costs.

s/ Davis L. Middlemas
DAVIS L. MIDDLEMAS (MID007)
Attorney for Plaintiff

**OF COUNSEL:**
Attorney At Law, LLC.
1740 Oxmoor Road, Suite 210
Birmingham, Alabama 35209
Telephone:    (205) 380-0737
Facsimile:    (205) 879-9181


**JURY DEMAND**

Plaintiff demands trial by struck jury on all issues raised herein.

–2–

s/ Davis L. Middlemas
DAVIS L. MIDDLEMAS (MID007)
Attorney for Plaintiff

**Plaintiff's Address:**
Flemon Flowers
C/O Davis L. Middlemas
1740 Oxmoor Road, Suite 210
Birmingham, AL 35209

**Serve Defendants: (To be Served Via Certified Mail)**
John Deere & Company
One John Deere Place
Moline, Illinois 61265

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing upon all counsel of record by facsimile and U. S. Mail on this 29th day of May, 2007.

L. Merrill Shirley, Esq.
J. Doug Martin, Jr., Esq.
Griffin M. Shirley, Esq.
431 North Court Street
P.O. Box 408
Elba, AL 36323

s/ Davis L. Middlemas
Davis L. Middlemas (MID007)
Attorney for Plaintiff

**OF COUNSEL:**
Attorney At Law, LLC.
1740 Oxmoor Road, Suite 210
Birmingham, Alabama 35209
Telephone:     (205) 380-0737
Facsimile:     (205) 879-9181

−3−

IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

RECEIVED
JUL 5 2007
JEANNIE GIBSON
CRENSHAW COUNTY CIRCUIT CLERK

FLEMON FLOWERS,       )
                      )
    Plaintiff,        )
                      )
v.                    )       CIVIL ACTION NO. 06-115
                      )
ROYAL LOGGING, J. H. ROYAL, JR. et al,   )
                      )
    Defendants.       )
                      )
                      )
                      )

## DEFENDANT DEERE & COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDMENT TO COMPLAINT

COMES NOW, Defendant Deere & Co. ("Deere") by and through its attorneys Lightfoot, Franklin & White, L.L.C. hereby submits its Answer to the plaintiff's First Amendment to the Complaint ("Complaint"):

### FIRST DEFENSE

Deere denies the material allegations of the Complaint, both separately and severally, and demands strict proof thereof.

### SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD DEFENSE

Deere is not liable for the matters and things alleged in the Complaint.

### FOURTH DEFENSE

Some or all of plaintiff's claims are barred by the applicable statute of limitations, res judicata, collateral estoppel, laches, unclean hands, waiver, accord and satisfaction, lack of standing, the doctrine of payment and release, and/or estoppel.



## FIFTH DEFENSE

Venue in this action is improper, or alternatively, more convenient in another forum.

## SIXTH DEFENSE

Deere avers that all of plaintiff's injuries and damages were caused by the acts or omissions of others for whom Deere owes no legal responsibility.

## SEVENTH DEFENSE

Deere avers that plaintiff was guilty of contributory negligence and that this negligence proximately caused or contributed to cause the alleged injuries and damages.

## EIGHTH DEFENSE

Deere avers that the plaintiff's injuries and damages were the result of assumption of the risk, and that said assumption of the risk was the proximate cause of the plaintiff's injuries and damages.

## NINTH DEFENSE

Deere avers that plaintiff misused the subject product, or component parts thereof, and such misuse was the proximate cause of plaintiff's injuries.

## TENTH DEFENSE

Plaintiff has failed to join necessary or indispensable parties.

## ELEVENTH DEFENSE

Deere denies that any conduct on its part was the proximate cause of the plaintiff's alleged injuries and damages.

## TWELFTH DEFENSE

Deere submits that the plaintiff's claimed damages were the result of superseding and intervening acts, and not any alleged wrongdoing by Deere.

2

### THIRTEENTH DEFENSE

Deere avers that plaintiff's claimed damages are the result of an independent, intervening event and that said event was the proximate cause of plaintiff's injuries and damages, and the alleged defects in the subject product were not the proximate cause of plaintiff's injuries.

### FOURTEENTH DEFENSE

Deere denies that its conduct was in any way negligent or wanton.

### FIFTEENTH DEFENSE

Deere avers that the product at issue was substantially modified or altered after it left this defendant's possession and control and that said modification(s) or alteration(s) were the proximate cause of plaintiff's claimed injuries and damages.

### SIXTEENTH DEFENSE

Deere denies that plaintiff was injured or harmed in any way by any act or omission by Deere or any of its agents.

### SEVENTEENTH DEFENSE

Any alleged non-conforming or defective condition of the subject product was the result of abuse, neglect, modification or alteration of the product that was not authorized by Deere.

### EIGHTEENTH DEFENSE

Some or all of plaintiff's claims are barred by the statute of repose and/or common law rule of repose.

### NINETEENTH DEFENSE

The claims alleged against Deere in the Complaint are barred by the Commerce Clause of the United States Constitution because they would, if allowed, impose an undue burden on interstate commerce.

3

### TWENTIETH DEFENSE

The claims alleged against Deere, separately and severally, in the Complaint are barred

by the Supremacy Clause of the United States Constitution (U.S. Const., Art. VI), in that

plaintiff's claims are expressly and impliedly preempted by federal law.

### TWENTY-FIRST DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as

applied to Deere in this case.

### TWENTY-SECOND DEFENSE

The Complaint fails to state a claim under any liability theory other than the Alabama

Extended Manufacturer's Liability Doctrine.

### TWENTY-THIRD DEFENSE

Deere denies that the product described in the Complaint was defective when the product

left Deere's possession.

### TWENTY-FOURTH DEFENSE

Deere avers that the invitation for a court or jury to impose liability on Deere for a

product designed in conformance with the standards set by the United States government would

deny Deere due process of law in violation of the Fourteenth Amendment to the United States

Constitution.

### TWENTY-FIFTH DEFENSE

Deere avers that the invitation for a court or jury to impose liability on Deere for a

product designed in conformance with standards set by the United States government would be

contrary to the public policy of Alabama and the United States.

4

## TWENTY-SIXTH DEFENSE

Deere avers that the product at issue was not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine because of each of the following:

a)      It had been altered or modified prior to the accident and was not in substantially the same condition at that time as when it left this defendant's possession and control;

b)      The product was neither defective nor unreasonably dangerous;

c)      The product was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated; and

d)      The manufacture and design of the product was well in keeping with the state of the art at the time of the manufacture of the product.

## TWENTY-SEVENTH DEFENSE

The Alabama Extended Manufacturer's Liability Doctrine, which in effect is the doctrine of strict liability, which the plaintiff contends is applicable in this case, is constitutionally void in that:

(a)      It operates to create a conclusive presumption that is arbitrary and operates to deny a fair opportunity on the part of the manufacturer and/or seller to rebut such conclusive presumption and acts to substitute judicial fiat in place of fact in judicial determination of an issue involving property of this defendant with the result that:

(i)      It deprives this defendant, separately and severally, of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions of the Constitution proscribing any state from depriving a person of property without due process of law; and

5

(ii)     Separately, it deprives this defendant, separately and severally, of property without due process of law contrary to Article I, Section 6, of the State of Alabama Constitution and specifically contrary to said provision of the Constitution of the State of Alabama providing that no person shall be deprived of property except by due process of law, with the result that the plaintiff is not entitled to recover in this cause against this defendant.

(b)     It denies this defendant, separately and severally, the equal protection of the laws contrary to the Fourteenth Amendment of the Constitution of the United States and specifically contrary to that portion of the Fourteenth Amendment proscribing any state from denying "to any person within its jurisdiction equal protection of the laws" in that it discriminates against the manufacturer and seller in favor of other defendants in litigation for the reason that it imposes a higher duty upon the manufacturer and seller than was or is imposed upon other persons who are defendants under circumstances where the imposition of a higher duty upon the manufacturer and/or seller would amount to an unreasonable classification, and hence the plaintiff is not entitled to recover against this defendant.

(c)     The attempted imposition of strict liability in this case against this defendant operates to deny this defendant equal protection of law contrary to the provisions of the Constitution of the State of Alabama which require the state to afford all persons equal protection of law with the result that the plaintiff is not entitled to recover against this defendant, separately or severally, in this case.

## TWENTY-EIGHTH DEFENSE

Deere denies that the subject product was defective in its design or manufacture.

6

## TWENTY-NINTH DEFENSE

Deere avers that the subject vehicle was not being used for its intended purpose when the subject accident occurred.

## THIRTIETH DEFENSE

Deere pleads the sophisticated user defense.

## THIRTY-FIRST DEFENSE

Deere denies that it owed any duty to plaintiff. Alternatively, Deere denies that it breached any such duty.

## THIRTY-SECOND DEFENSE

Deere avers that plaintiff does not have standing to bring this action.

## THIRTY-THIRD DEFENSE

If it is established that this defendant is in any manner legally responsible for any of the damages claimed by plaintiff such damages were proximately contributed to and caused by other defendants, or persons or entities not yet parties to this action, and, hence, this defendant is entitled to equitable and applied indemnity/contribution from each of said other defendants, persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

## THIRTY-FOURTH DEFENSE

Deere asserts as a defense, credit or set-off against the damages claimed by the plaintiff, the settlement (and any monies paid pursuant thereto) between the plaintiff and any other person or entity and also any monies paid to or on behalf of the plaintiff for injuries or damages suffered in the incident made the basis of this case by any source.

## THIRTY-FIFTH DEFENSE

Deere is entitled to a set-off of all amounts paid to the plaintiff by any defendant pursuant to pro tanto settlements.  To the extent that any damages claimed by plaintiff have been or will be indemnified in whole or in part from any collateral source, any verdict or judgment against Deere must be reduced by those amounts pursuant to Ala. Code § 6-5-522.

## THIRTY-SIXTH DEFENSE

Deere avers that jurisdiction over the subject matter or Deere is/are lacking.

## THIRTY-SEVENTH DEFENSE

Deere avers that parties and/or claims were improperly or fraudulently joined.

## THIRTY-EIGHTH DEFENSE

Deere avers that process or service of process was/were insufficient.

## THIRTY-NINTH DEFENSE

Plaintiff's claims are barred due to the doctrine of spoliation and plaintiff's failure to preserve crucial evidence.

## FORTIETH DEFENSE

Deere avers that the subject product at the time it was manufactured is presumed to be free of defect as it: (a) complied with The State of the Art; and, (b) complied with all applicable government and industry standards.

## FORTY-FIRST DEFENSE

Deere contests the amount and nature of the damages claimed by the plaintiff in the Complaint.

8

## FORTY-SECOND DEFENSE

Deere avers that plaintiff's complaint is vague in its allegations against Deere, including but not limited to, its allegation as to the amount of damages at issue in this lawsuit. Accordingly, Deere reserves the right to assert additional defenses or arguments as discovery develops, including but not limited to, reserving the right to seek a federal forum should the facts establish that such a venue would be proper.

## FORTY-THIRD DEFENSE

Plaintiff fails to state a claim for punitive damages.

## FORTY-FOURTH DEFENSE

Imposition of punitive damages against Deere in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

## FORTY-FIFTH DEFENSE

Any award of punitive damages based on anything other than Deere's conduct in connection with the sale of the specific tractor that is the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment and the Due Process Clause of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama, because any other judgment for punitive damages in this case cannot protect Deere against impermissible multiple punishment for the same wrong.  In addition, any such award would violate the Commerce Clause of the United States Constitution and principles of comity under the laws of the State of Alabama.

9

### FORTY-SIXTH DEFENSE

The procedure and methods asserted for awarding punitive damages against Deere in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

### FORTY-SEVENTH DEFENSE

Any claim of punitive damages against Deere cannot be sustained, because any award of such damages would constitute a retroactive impairment of contractual obligations, in violation of the Contracts Clause of the United States Constitution (U.S. Const., Art. I, § 10).

### FORTY-EIGHTH DEFENSE

Any claim of punitive damages against Deere cannot be sustained, because any award of such damages would violate the Commerce Clause of the United States Constitution (U.S. Const., Art. I, § 8, cl. 3).

### FORTY-NINTH DEFENSE

Unless both Deere's liability for punitive damages and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate Deere' s due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

### FIFTIETH DEFENSE

Any claim of plaintiff for punitive damages against Deere cannot be sustained, because any award of such damages under Alabama law without bifurcating the trial of all such damages issues would violate Deere 's due process rights guaranteed by the Fourteenth Amendment to the

United States Constitution and the due process provisions of the Constitution of the State of Alabama.

<b><u>FORTY-FOURTH DEFENSE</u></b>

The Complaint fails to state a claim for which damages for mental anguish or emotional distress can be awarded.

<b><u>FIFTY-FIRST DEFENSE</u></b>

An award of pain and suffering, mental anguish or emotional distress damages in this case will violate Deere's due process and equal protection rights guaranteed by the Alabama Constitution and the United States Constitution because Alabama juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

<b><u>FIFTY–SECOND DEFENSE</u></b>

To award plaintiff damages for alleged pain and suffering, mental anguish or emotional distress in the absence of any standards for the determination of pain and suffering, mental anguish or emotional distress and/or the absence of any requirement for corroborating or objective evidence of pain and suffering, mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, Deere avers that such an award in this case would violate both the Alabama Constitution and the United States Constitution for the other separate and several reasons stated herein.

<b><u>FIFTY-THIRD DEFENSE</u></b>

Any claim plaintiff may assert for alleged mental anguish is barred absent a showing of actual physical injury or physical manifestation of mental anguish/emotional distress. The plaintiff is not entitled to recover damages for such alleged mental anguish unless the plaintiffs

produce evidence proving that the alleged mental anguish was so severe that an ordinary person would not be expected to endure it, i.e., the same standard applied for the tort of outrage claims.

## FIFTY-FOURTH DEFENSE

Any claim of plaintiff for punitive damages against Deere cannot be sustained, because any award of such damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose, would violate Deere's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## FIFTY-FIFTH DEFENSE

In 2003, the United States Supreme Court ruled in State Farm Mutual Automobile Insurance Company v. Campbell, 123 S. Ct. 1513 (2003), that awards exceeding a single-digit ratio between punitive damages and compensatory damages will rarely satisfy due process. Accordingly, any award of punitive damages in excess of a single-digit ratio to compensatory damages cannot be sustained because it would violate the Deere's rights under the Fourteenth Amendment to the United States Constitution.

## FIFTY-SIXTH DEFENSE

Pursuant to Ala. Code § 6-11-21, punitive damages are limited to three times the compensatory damages awarded to the party claiming punitive damages, or $500,000.00, whichever is greater. This Code section became effective June 7, 1999, and applies to all actions commenced more than 60 days after such effective date. Therefore, an application of the punitive damages cap to the current action is appropriate and in full accord with the public policy of the State of Alabama.

12

## FIFTY-SEVENTH DEFENSE

Pursuant to Alabama Code § 6-11-21, prior to the 1999 amendment, punitive damages are limited to $250,000.00, absent proof of a pattern or practice of intentional wrongful conduct, actual malice or libel, slander or defamation.

## FIFTY-EIGHTH DEFENSE

Pursuant to Ala. Code § 6-11-21, Deere is not liable for any portion of any award of punitive damages wherein there has been no express findings that Deere engaged in conduct as defined in Ala. Code § 6-11-20. Deere is not jointly and severally liable to the plaintiff for any award of punitive damages.

## FIFTY-NINTH DEFENSE

Under Ala. Code § 6-11-20, punitive damages are only recoverable if a plaintiff proves by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. Accordingly, plaintiff is not entitled to recover punitive damages for any alleged conduct other than intentional conduct.

## SIXTIETH DEFENSE

Any claim of plaintiff for punitive damages against Deere cannot be sustained, because any award of such damages under Alabama law for the purpose of compensating plaintiff for elements of damage not otherwise recognized by Alabama law would violate Deere's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## SIXTY-FIRST DEFENSE

Any claim of plaintiff for punitive damages against Deere cannot be sustained because any award of such damages under Alabama law by a jury that (1) is not provided a standard of

sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Deere, (3) is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and (4) is not subject to judicial review on the basis of objective standards, would violate Deere's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## SIXTY-THIRD DEFENSE

Any claim of plaintiff for punitive damages against Deere cannot be sustained, because any award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate Deere's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

## SIXTY-FOURTH DEFENSE

Any claim of plaintiff for punitive damages cannot be sustained because any award of such damages under state law without the same protections that are accorded to all defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate Deere's rights under the Fourteenth Amendment to the

14

United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

## FORTY-FIFTH DEFENSE

Deere reserves the right to amend its Answer to add any additional affirmative defenses or other defenses as additional information becomes available.

_____

One of the Attorneys for Defendants
Deere & Company

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
J. Chandler Bailey (BAI043)
Enrique J. Gimenez (GIM001)
Rachel M. Lary (LAR016)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this 5<u>th</u> day of June, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Davis L. Middlemas
1740 Oxmoor Road, Suite 210
Birmingham, Alabama 35209

L. Merrill Shirley
J. Doug Martin, Jr.
Griffin M. Shirley
431 North Court Street
P. O. Box 408
Elba, Alabama 36323

_____
Of Counsel

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000529
Cashier ID: brobinso
Transaction Date: 09/24/2007
Payer Name: ABBETT LEGAL SERVICES INC
-----------------------------------
CIVIL FILING FEE
 For: ABBETT LEGAL SERVICES INC
 Case/Party: D-ALM-2-07-CV-000853-001
 Amount:          $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 2964
 Amt Tendered:  $350.00
-----------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00
```

IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

**RECEIVED**

FLEMON FLOWERS,                          )

    Plaintiff,                          2007 SEP 28  A 8: 46

v.                                     DEBRA P. HACKETT. CLK
                                        U.S. DISTRICT COURT
                                        MIDDLE DISTRICT **CIVIL** ACTION NO. 06-115

ROYAL LOGGING, J. H. ROYAL, JR. et al,   )

    Defendants.                         )        **2:07cv853 - MHT**
                                         )
                                         )
                                         )

## NOTICE OF FILING OF NOTICE OF REMOVAL

    Pursuant to 28 U.S.C. § 1446(d), Defendant Deere & Company hereby gives notice that a

Notice of Removal in this action has been filed in the United States District Court for the Middle

District of Alabama, Northern Division, and that this case has been removed to that Court.

Attached is a copy of the Notice of Removal.

                     /s/ Rachel M. Lary
                     Attorney for Defendant Deere & Company

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
J. Chandler Bailey (BAI043)
Enrique J. Gimenez (GIM001)
Rachel M. Lary (LAR016)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of September, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to:

Davis L. Middlemas
1740 Oxmoor Road, Suite 210
Birmingham, Alabama 35209

L. Merrill Shirley
J. Doug Martin, Jr.
Griffin M. Shirley
431 North Court Street
P. O. Box 408
Elba, Alabama 36323

/s/ Rachel M. Lary
OF COUNSEL

IN THE DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FLEMON FLOWERS,

    Plaintiff,

v.

ROYAL LOGGING, J. H. ROYAL, JR. et al,

    Defendants.

CIVIL ACTION NO. _____

## **NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the

properly joined defendant Deere & Company ("Deere")[1] hereby gives notice of removal of the

above-captioned action, pending in the Circuit Court of Crenshaw County, Alabama, Civil

Action No. CV 06-115, to the United States District Court for the Middle District of Alabama,

Northern Division, which encompasses this circuit court. Thus, venue is proper under 28 U.S.C.

§§ 81(a)and 1441(a). As grounds which entitle it to removal, Deere respectfully states the

following:

---

[1] Plaintiffs also named J.H. Royal, Jr. d/b/a Royal Logging, a sole proprietor,
("employer"), improperly named as Royal Logging and J.H. Royal Jr., as a defendant in this
lawsuit. The employer does not join in this removal, but as explained *infra*, because the
employer has been improperly joined, it is not required to join in this removal. See, e.g., Clay v.
Brown & Williamson Tobacco Corp., 77 F. Supp.2d 1220, 1223 n.3 (M.D. Ala. 1999) ("Unless
and until the case is remanded, it is not necessary that a fraudulently or improperly joined
defendant join with the other defendants in a petition for removal.").

1

**A.    This Notice of Removal is timely filed.**

1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2.    This action was commenced on or about December 21, 2006, by the filing of the summons and the Complaint herein in the Circuit Court of Crenshaw County, Alabama, Civil Action No. CV 06-115.

3.    On or about May 29, 2007, plaintiff amended his complaint to assert, for the first time, a product liability claim against Deere.  Plaintiff's Complaint and Amended Complaint failed to include an *ad damnum* clause setting forth the amount of damages sought.  As a result, at that time, Deere had received nothing from the plaintiff "unambiguously" establishing federal jurisdiction.  See Lowery v. Alabama Power Co., 483 F.3d 1184, 1213-1219 (11th Cir. 2007).

4.    On August 1, 2007, Deere served plaintiff with Requests for Admission seeking admissions as to the amount of damages plaintiff sought against Deere.  See Ex. A, Requests for Admission.  Plaintiff failed to respond to Deere's Requests for Admission within the required time period.  See Ala. R. Civ. P. 36.  As a result, Deere's Requests for Admission were deemed admitted on September 5, 2007.  See Ala. R. Civ. P. 36.  To date, plaintiff has failed to respond to Deere's Requests for Admission.

5.    By failing to respond to Deere's Requests for Admissions, plaintiff admitted that he seeks more than $75,000.00 in damages for the claims asserted against Deere in its Amended Complaint.  See Ex. A, Requests for Admission.  Deere's Requests for Admission deemed admitted on September 5, 2007, marked the first jurisdiction-communicating document from the plaintiff.  See Lowery, 483 F.3d at 1213-1219.

2

6.    The first receipt by Deere of the jurisdiction-communicating document, by service or otherwise, occurred less than thirty days before the filing of this Notice of Removal. Accordingly, pursuant to § 1446(b), this Notice of Removal is timely filed.

**B.    The only proper parties to this lawsuit are of diverse citizenship, therefore, the Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.**

7.    At all times relevant to the Complaint and Amended Complaint and at the time of the filing of the Complaint and Amended Complaint, plaintiff Flemon Flowers was a resident of the State of Alabama. See Complaint ¶ 1; First Amendment to Complaint, ¶ A.

8.    Deere is now and was at the time of the filing of the Amended Complaint, and at all times intervening, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois. Accordingly, Deere is not considered a citizen of Alabama for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1).

9.    J.H. Royal, Jr., d/b/a Royal Logging ("employer"), a sole proprietor, is now and was at the time of the filing of the Complaint and Amended Complaint and at all times intervening a resident of the State of Alabama. See Complaint; see also J.H. Royal, Jr. d/b/a Royal Logging's Answer. Because, however, the employer was improperly or fraudulently joined, its citizenship is disregarded for purposes of removal. See Section C, *infra*, and Deere's Motion to Sever and Remand Plaintiff's Workers' Compensation Claim, filed contemporaneously herewith.

10.    Pursuant to 28 U.S.C. § 1441(a), the citizenship of the fictitious defendants named in the Complaint must be disregarded for removal purposes.

3

C.  **Plaintiff's only claim against the employer is for workers' compensation benefits and is due to be severed and remanded to state court, leaving complete diversity.**

11.    Plaintiff's Original Complaint asserted a workers' compensation claim against his employer pursuant to Alabama's Workers' Compensation Act, Ala. Code § 25-5-1, et seq.  See Complaint, Count One.  Plaintiff's Amended Complaint attempts to join plaintiff's product liability claim against Deere with his previously-filed workers' compensation claim.  This product liability claim is brought only against the diverse defendant, Deere.  Plaintiff's remaining workers' compensation claim is brought only against the non-diverse defendant, the employer, pursuant to Alabama's Workers' Compensation Statute (Ala. Code § 25-5-1, et seq.).

12.    As more fully set forth in Deere's contemporaneously filed Motion to Sever and Remand Plaintiff's Workers' Compensation Claim (the arguments in which are incorporated herein), plaintiff's claim against his employer for workers' compensation benefits should be severed from his product liability claim against Deere and remanded to state court.  See, e.g., Bryant v. Wausau Underwriters Insurance Co., et al., 2007 WL 1159699 (M.D. Ala. April 18, 2007) (severing and remanding to state court plaintiff's workers' compensation claims while retaining jurisdiction over plaintiff's third party tort claims against diverse defendants).  If plaintiff's workers' compensation claim is severed and remanded to state court, then the only remaining claim is against diverse defendant Deere and, assuming the amount in controversy requirement is satisfied, this Court has jurisdiction over the claim against Deere.

D.    **The amount in controversy exceeds the statutory jurisdictional threshold.**

13.    The amount in controversy in this lawsuit exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, thus satisfying the amount in controversy requirement of 28 U.S.C. § 1332.  See Exh. A.

4

14.    In failing to respond to Deere's Requests for Admission, plaintiff has admitted that he seeks more than $75,000.00 in damages against Deere. See Exh. A.

**E.    The other prerequisites for removal are satisfied, and this Court has jurisdiction under 28 U.S.C. § 1332.**

15.    As set forth above, all proper parties to this action are of diverse citizenship, and the amount in controversy exceeds $75,000.00.  Accordingly, pursuant to 28 U.S.C. §1332, 1441 and 1446, this case is removable to this Court.

16.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Circuit Court of Crenshaw County, Alabama.

17.    Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon defendants in this lawsuit are attached as Exhibit B.

18.    The necessary filing fee has been paid with this Notice of Removal.

_____
One of the Attorneys for Deere & Company

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
J. Chandler Bailey (BAI043)
Enrique J. Gimenez (GIM001)
Rachel M. Lary (LAR016)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

5

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of September, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Davis L. Middlemas
1740 Oxmoor Road, Suite 210
Birmingham, Alabama 35209

L. Merrill Shirley
J. Doug Martin, Jr.
Griffin M. Shirley
431 North Court Street
P. O. Box 408
Elba, Alabama 36323

OF COUNSEL

6