IN THE DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 SEP 24   P 3: 15

| | |
|---|---|
| FLEMON FLOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07CV853-mht |
| ) | |
| ROYAL LOGGING, J. H. ROYAL, JR. et al, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT DEERE & COMPANY'S MOTION TO SEVER AND REMAND PLAINTIFF'S WORKERS' COMPENSATION CLAIM

Defendant Deere & Company ("Deere"), pursuant to 28 U.S.C. § 1445(c), hereby moves this Court to sever plaintiff Flemon Flower's ("plaintiff") claim against J.H. Royal, Jr. d/b/a/ Royal Logging ("employer") for workers' compensation benefits arising under Ala. Code § 25-5-1, et seq. (1975) from plaintiff's product liability claim against Deere and remand the workers' compensations claim to the Circuit Court of Crenshaw County, Alabama. In support of this motion, Deere shows the Court as follows:

### INTRODUCTION

1.   Plaintiff originally filed this action on December 21, 2006, against J.H. Royal, Jr., d/b/a Royal Logging, his employer, in the Circuit Court of Crenshaw County, Alabama, seeking a claim under the Workers' Compensation Act of Alabama. In his Original Complaint, plaintiff seeks damages against his Alabama employer exclusively under the Workers' Compensation Act of Alabama. See Complaint.

2.	On June 11, 2007, plaintiff amended his complaint to assert, for the first time, a separate common law tort claim under Alabama's Extended Manufacturer's Liability Doctrine against Deere—a foreign corporation.[1]  See First Amendment to Complaint, Count Two.

3.	Plaintiff's Amended Complaint improperly and fraudulently joins plaintiff's nonremovable Workers' Compensation claim against a resident defendant with his removable common law product liability claim against a foreign defendant.  The workers' compensation claim is due to be severed from plaintiff's remaining product liability claim and remanded to the Circuit Court of Crenshaw County, Alabama.  This severance and remand would allow the Court to properly exercise federal jurisdiction over the remaining unrelated claim against diverse defendant Deere.

A.	**Plaintiff's Workers' Compensation Claim Is Not Removable and Is Improperly or Fraudulently Joined, and Thus Should Be Severed and Remanded to the Circuit Court of Crenshaw County, Alabama.**

4.	Pursuant to 28 U.S.C. § 1445(c), state law workers' compensation claims are not removable to a federal district court.

5.	Plaintiff has fraudulently and improperly joined his state law, unremovable workers' compensation claim against the employer to his unrelated, removable claim against Deere.  The Eleventh Circuit has held that "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and the claim against the diverse defendant has no real connection to the claim against the nondiverse

---

[1] Deere's principal place of business is in the State of Illinois, and Deere is considered a resident there for diversity purposes.  28 U.S.C. § 1332(c)(1).

2

defendant," the parties are fraudulently joined. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

6. This is precisely the situation in this case: Plaintiff has joined an unremovable claim against diverse Deere that bears no real connection to the his original removable claims against his nondiverse employer. As such, the Court should find that the claims are fraudulently and improperly joined because there is no conceivable theory of liability linking the two defendants and "no real connection" between the claims.

7. Moreover, the issues and damages involved in the product liability claim against Deere are entirely different from those relating to plaintiff's workers' compensation claim. The plaintiff's workers' compensation claim bears no direct relationship to plaintiff's remaining product liability claim, and no discovery necessary in the workers' compensation lawsuit will have any significant relevance in plaintiff's claim against Deere (and vice versa). The cases will likely take drastically different amounts of time to resolve.

8. Further, plaintiff has demanded a trial by jury for the product liability claim against Deere; plaintiff's claim for workers' compensation benefits mandates a bench trial. For this reason alone, plaintiff's workers' compensation claim will ultimately be severed from his product liability claim.

9. Under these circumstances, plaintiff's workers' compensation claim should be severed and remanded to the Circuit Court of Crenshaw County, Alabama. Such severance is a recognized practice. See, e.g., Raines v. Browning-Ferris Industries of Alabama, Inc., 638 So. 2d 1334, 1337 (Ala. Civ. App. 1993) ("the usual procedure where a claimant has filed a complaint seeking both workmens' compensation and tort relief is for these two claims to be

severed"); Wallace v. Tee Jays Manufacturing Co., Inc., 689 So. 2d 210, 211 (Ala. Civ. App. 1997). To allow this misjoinder would run contrary to the fundamental policies of removal based on diversity of citizenship.

B. **Plaintiff's Product Liability Claims Against Diverse Defendant Deere are Properly Before the Court.**

10. Because plaintiff's product liability claims against Deere do not arise under the Alabama Workers' Compensation Act, 28 U.S.C. §1445(c) does not require their remand to state court, and this Court can retain jurisdiction over the claim against Deere.[2]

11. In Reed v. Heil, 206 F.3d 1055 (11th Cir. 2000), the Eleventh Circuit advocated this very procedure. The Reed plaintiff appealed the district court's grant of summary judgment as to both its workers' compensation related claims and claims brought under the Alabama Disability Act ("ADA"). Id. at 1057. Recognizing that the district court lacked jurisdiction over plaintiff's workers' compensation claims, the Eleventh Circuit reversed summary judgment as to those claims and ordered the claims to be remanded to the state circuit court. However, at the same time, the Eleventh Circuit affirmed the district court's summary judgment as to the ADA claims properly before the district court. Id. at 1063. Thus, the Eleventh Circuit has clearly endorsed the concept of severing and remanding workers' compensation related claims to state

---

[2] Alabama courts recognize the incompatible generic differences between a workers' compensation claim and a common law tort claim. See Hubbard v. Liberty Mutual Insurance Co., 599 So.2d 20, 22 (Ala. 1992)("This Court has held that a claim filed pursuant to §25-5-11, as these claims were, is a tort action for damages, and is not a claim for workers' compensation benefits."); Johnson v. Asphalt Hot Mix, 565 So.2d 219, 220 (Ala. 1990)("An action against third parties or co-employees as allowed by §25-5-11 is not a claim for Workmen's Compensation, but is a tort action for damages.")

court, while allowing the district court to keep other joined claims over which the court otherwise has jurisdiction.

12.   Further, this Court has expressly adopted the Reed court's rationale and has severed and remanded workers' compensation claims while retaining jurisdiction over other claims that were improperly joined. See Bryant v. Wausau Underwriters Insurance Company, et al., 2007 WL 1159699 (M.D. Ala. April 18, 2007) (Fuller, C.J.), but see Brooks v. Paulk & Cope, Inc., et al., 176 F. Supp.2d 1270 (M.D. Ala. 2001). In Bryant, this Court held that plaintiff's workers' compensation claim was due to be severed and remanded from plaintiff's state law outrage claim—properly before the district court—arising from the same on-the-job injury. The Court rejected plaintiff's argument that the workers' compensation claims could not be severed because they were part of one action. Instead, the Court held that because "[o]utrage is a common law intentional tort" and "[p]laintiff's outrage claim does not arise under the Alabama Workers' Compensation Act, . . . § 1445(c) does not require that [the outrage claim] be remanded." Bryant at *2.

13.   This case is no different. In conjunction with its nonremovable, statutory, workers' compensation claim against a nondiverse defendant, plaintiff also asserts a classic creature of common law—a product liability claim against Deere, a diverse defendant. According to the Eleventh Circuit and Middle District of Alabama, the claim against Deere clearly does not arise under Alabama's workers' compensation laws.[3]  Thus, based on the holding of this Court in Bryant, a common law tort claim does not arise under workers' compensation laws and may be properly removed and severed from a workers' compensation claim.

5

14. Moreover, in this Motion, Deere seeks the identical relief afforded the <u>Bryant</u> defendants by the Middle District. Deere is a diverse defendant which faces a common law claim that does not arise under Alabama's workers' compensation laws, just like the defendant in <u>Bryant</u>.[4] And just like the defendant in <u>Bryant</u>, the common law claim against Deere has been joined with a nonremovable workers' compensation claim against another defendant. As in <u>Bryant</u>, if the workers' compensation claims are severed and remanded, then this Court has diversity jurisdiction over plaintiff's remaining common law product liability claim against Deere. <u>See</u> Deere's Notice of Removal, filed contemporaneously herewith. Thus, as in <u>Bryant</u>, plaintiff's workers' compensation claims against the employer should be severed and remanded to state court, and Deere respectfully requests this Court to retain its proper jurisdiction over plaintiff's remaining claim against Deere.

## CONCLUSION

15. Based on the foregoing, Deere hereby moves this Court to sever and remand plaintiff's workers' compensation claims pursuant to 28 U.S.C. §1445(c) and the precedent of this Court and the Eleventh Circuit.

---

[3] <u>See</u> <u>supra</u> note 2.
[4] It is also noteworthy that in <u>Bryant</u>, the Middle District severed the workers' compensation claim from the common law claim even when the common law claim was filed against <u>both</u> defendants.

6

*Rachel M. Lary*
One of the Attorneys for Deere & Company, Inc.

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
J. Chandler Bailey (BAI043)
Enrique J. Gimenez (GIM001)
Rachel M. Lary (LAR016)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this <u>24th</u> day of <u>September</u>, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Davis L. Middlemas
1740 Oxmoor Road, Suite 210
Birmingham, Alabama 35209

L. Merrill Shirley
J. Doug Martin, Jr.
Griffin M. Shirley
431 North Court Street
P. O. Box 408
Elba, Alabama 36323

*Rachel M. Lary*
OF COUNSEL

7