IN THE DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FLEMON FLOWERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 2:07 CV853-MHT |
| ROYAL LOGGING, J. H. ROYAL, JR. et al, | ) ) |
| Defendants. | ) ) ) |

## AMENDED NOTICE OF REMOVAL

Pursuant to the Court's September 26, 2007 Order in which defendant Deere & Company ("Deere") was ordered to amend the notice of removal to allege jurisdiction sufficiently, Deere hereby files the following amended notice of removal to sufficiently invoke the Court's removal jurisdiction under 28 U.S.C. §§ 1332, 1441.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the properly joined defendant Deere & Company ("Deere")[1] hereby gives an amended notice of removal of the above-captioned action, pending in the Circuit Court of Crenshaw County, Alabama, Civil Action No. CV 06-115, to the United States District Court for the Middle District of Alabama, Northern Division, which encompasses this circuit court. Thus, venue is proper

---

[1] Plaintiffs also named J.H. Royal, Jr. d/b/a Royal Logging, a sole proprietor, ("employer"), improperly named as Royal Logging and J.H. Royal Jr., as a defendant in this lawsuit. The employer does not join in this removal, but as explained *infra*, because the employer has been improperly joined, it is not required to join in this removal. See, e.g., Clay v. Brown & Williamson Tobacco Corp., 77 F. Supp.2d 1220, 1223 n.3 (M.D. Ala. 1999) ("Unless and until the case is remanded, it is not necessary that a fraudulently or improperly joined defendant join with the other defendants in a petition for removal.").

1

under 28 U.S.C. §§ 81(a)and 1441(a). As grounds which entitle it to removal, Deere respectfully states the following:

A. **This Notice of Removal is timely filed.**

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2. This action was commenced on or about December 21, 2006, by the filing of the summons and the Complaint herein in the Circuit Court of Crenshaw County, Alabama, Civil Action No. CV 06-115.

3. On or about May 29, 2007, plaintiff amended his complaint to assert, for the first time, a product liability claim against Deere. Plaintiff's Complaint and Amended Complaint failed to include an *ad damnum* clause setting forth the amount of damages sought. As a result, at that time, Deere had received nothing from the plaintiff "unambiguously" establishing federal jurisdiction. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1213-1219 (11th Cir. 2007).

4. On August 1, 2007, Deere served plaintiff with Requests for Admission seeking admissions as to the amount of damages plaintiff sought against Deere. See Deere's Notice of Removal, Exh. A, Requests for Admission. Plaintiff failed to respond to Deere's Requests for Admission within the required time period. See Ala. R. Civ. P. 36. As a result, Deere's Requests for Admission were deemed admitted on September 5, 2007. See Ala. R. Civ. P. 36. To date, plaintiff has failed to respond to Deere's Requests for Admission.

5. By failing to respond to Deere's Requests for Admissions, plaintiff admitted that he seeks more than $75,000.00 in damages for the claims asserted against Deere in its Amended

2

Complaint. See Deere's Notice of Removal, Ex. A, Requests for Admission. Deere's Requests for Admission deemed admitted on September 5, 2007, marked the first jurisdiction-communicating document from the plaintiff. See Lowery, 483 F.3d at 1213-1219.

6. The first receipt by Deere of the jurisdiction-communicating document, by service or otherwise, occurred less than thirty days before the filing of this Notice of Removal. Accordingly, pursuant to § 1446(b), this Notice of Removal is timely filed.

**B. The only proper parties to this lawsuit are of diverse citizenship, therefore, the Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.**

7. At all times relevant to the Complaint and Amended Complaint and at the time of the filing of the Complaint and Amended Complaint, plaintiff Flemon Flowers was a *citizen* of the State of Alabama. See Complaint ¶ 1; First Amendment to Complaint, ¶ A.

8. Deere is now and was at the time of the filing of the Amended Complaint, and at all times intervening, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois. Accordingly, Deere is not considered a citizen of Alabama for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1).

9. J.H. Royal, Jr., d/b/a Royal Logging ("employer"), a sole proprietor, is now and was at the time of the filing of the Complaint and Amended Complaint and at all times intervening a citizen of the State of Alabama. See Complaint; see also J.H. Royal, Jr. d/b/a Royal Logging's Answer. Because, however, the employer was improperly or fraudulently joined, its citizenship is disregarded for purposes of removal. See Section C, *infra*, and Deere's Motion to Sever and Remand Plaintiff's Workers' Compensation Claim, filed September 24, 2007.

10.  Pursuant to 28 U.S.C. § 1441(a), the citizenship of the fictitious defendants named in the Complaint must be disregarded for removal purposes.

### C. Plaintiff's only claim against the employer is for workers' compensation benefits and is due to be severed and remanded to state court, leaving complete diversity.

11.  Plaintiff's Original Complaint asserted a workers' compensation claim against his employer pursuant to Alabama's Workers' Compensation Act, Ala. Code § 25-5-1, et seq. See Complaint, Count One. Plaintiff's Amended Complaint attempts to join plaintiff's product liability claim against Deere with his previously-filed workers' compensation claim. This product liability claim is brought <u>only</u> against the diverse defendant, Deere. Plaintiff's remaining workers' compensation claim is brought <u>only</u> against the non-diverse defendant, the employer, pursuant to Alabama's Workers' Compensation Statute (Ala. Code § 25-5-1, et seq.).

12.  As more fully set forth in Deere's Motion to Sever and Remand Plaintiff's Workers' Compensation Claim (the arguments in which are incorporated herein), plaintiff's claim against his employer for workers' compensation benefits should be severed from his product liability claim against Deere and remanded to state court. See, e.g., Bryant v. Wausau Underwriters Insurance Co., et al., 2007 WL 1159699 (M.D. Ala. April 18, 2007) (severing and remanding to state court plaintiff's workers' compensation claims while retaining jurisdiction over plaintiff's third party tort claims against diverse defendants). If plaintiff's workers' compensation claim is severed and remanded to state court, then the only remaining claim is against diverse defendant Deere and, assuming the amount in controversy requirement is satisfied, this Court has jurisdiction over the claim against Deere.

**D.      The amount in controversy exceeds the statutory jurisdictional threshold.**

13.    The amount in controversy in this lawsuit exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, thus satisfying the amount in controversy requirement of 28 U.S.C. § 1332. See Deere's Notice of Removal, Exh. A.

14.    In failing to respond to Deere's Requests for Admission, plaintiff has admitted that he seeks more than $75,000.00 in damages against Deere. See Deere's Notice of Removal, Exh. A.

**E.      The other prerequisites for removal are satisfied, and this Court has jurisdiction under 28 U.S.C. § 1332.**

15.    As set forth above, all proper parties to this action are of diverse citizenship, and the amount in controversy exceeds $75,000.00. Accordingly, pursuant to 28 U.S.C. §1332, 1441 and 1446, this case is removable to this Court.

16.    Pursuant to 28 U.S.C. §1446(d), a copy of this Amended Notice of Removal is being filed with the Circuit Court of Crenshaw County, Alabama.

17.    Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon defendants in this lawsuit were attached as Exhibit B to Deere's Notice of Removal.

18.    The necessary filing fee has been paid with the Notice of Removal.

/s/ Enrique J. Gimenez
One of the Attorneys for Deere & Company

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
J. Chandler Bailey (BAI043)
Enrique J. Gimenez (GIM001)
Rachel M. Lary (LAR016)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Davis L. Middlemas
>1740 Oxmoor Road, Suite 210
>Birmingham, Alabama 35209

>L. Merrill Shirley
>J. Doug Martin, Jr.
>Griffin M. Shirley
>431 North Court Street
>P. O. Box 408
>Elba, Alabama 36323

/s/ Enrique J. Gimenez
OF COUNSEL